# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Mayo,                 :

           Appellant            :

                                   :

           v.                       :

                                   :

SCI Greene's Administered Staff,   :

Sergeant Grim, Property Sergeant,   :

Tracy Shawley, Grievance Coordinator, :   No. 1192 C.D. 2018

Robert Gilmore, Superintendent     :   Submitted: February 28, 2020


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                   HONORABLE ANNE E. COVEY, Judge
                   HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: May 13, 2020


William Mayo (Mayo), pro se, appeals from the Greene County Common Pleas Court's (trial court) August 2, 2018 order granting the Motion for Summary Judgment (Motion) filed by State Correctional Institution (SCI)-Greene's Administrative Staff, Sergeant Grim, Property Sergeant, Tracy Shawley (Defendant Shawley), Grievance Coordinator, and Robert Gilmore (Defendant Gilmore), Superintendent (collectively, Defendants). Essentially, Mayo presents three issues for this Court's review: whether the trial court erred and/or abused its discretion (1) by not ruling on Defendants' preliminary objections to his Petition for Writ of Mandamus (Petition) but, rather, allowing Defendants to withdraw their preliminary objections without argument and file an answer and new matter to the Petition; (2) by not issuing a mandamus order in his favor after he filed his reply to Defendants' new matter; and (3) by granting summary judgment.[1] After review, we affirm.

---

[1] Mayo listed four issues in his Statement of Questions Involved: whether the trial court erred and/or abused its discretion by (1) not ruling on Defendants' preliminary objections to his

## Background

Mayo was an inmate at SCI-Greene on November 19, 2015, when he stabbed SCI-Greene corrections officer Rodney Walters (CO Walters). Defendants confiscated and destroyed the New Balance sneakers Mayo was wearing during the attack, claiming they were contaminated with CO Walters' blood and, thus, were a biohazard. On November 20, 2015, Mayo was transferred to SCI-Fayette. Although Defendants allege they sent two bags of Mayo's commissary items to him at SCI-Fayette on November 23, 2015, Mayo claims he did not receive them.

On June 29, 2016, Mayo filed the Petition asserting that Defendants intentionally mishandled and withheld his New Balance sneakers and commissary items ($39.15 value), and he was entitled to have them retrieved or replaced.[2] *See* Original Record (O.R.) Item 84, Petition. On November 30, 2016, Defendants filed preliminary objections to the Petition, asserting that Mayo failed to exhaust his administrative remedies.[3] *See* O.R. Item 77.

On December 8, 2016, Mayo filed an answer and brief in opposition to Defendants' preliminary objections. *See* O.R. Items 75-76. On December 22, 2016, Mayo filed a motion for leave of court to file an amended answer and brief in opposition to Defendants' preliminary objections, which the trial court granted on January 31, 2017. *See* O.R. Items 72-74. On February 16, 2017, Mayo filed his

---

Petition; (2) allowing Defendants to withdraw their preliminary objections and file an answer and new matter to the Petition; (3) not ruling on Mayo's reply to Defendants' new matter; and (4) granting summary judgment without proper discovery. *See* Mayo Br. at 7-9. The Court has combined Mayo's first and second issues.

[2] Mayo initially filed the Petition with this Court in its original jurisdiction, *see* (Pa. Cmwlth. No. 429 M.D. 2016); however, the Court transferred the matter to the trial court.

Mayo attached a July 30, 2008 receipt to the Petition reflecting that he purchased the New Balance sneakers for $52.49. *See* Petition Ex. A at 2. He also attached an Inmate Personal Property Inventory sheet dated November 20, 2015. *See* Petition Ex. A at 1.

[3] Although Mayo availed himself of the Department of Corrections' grievance process, Defendant Shawley and SCI-Greene's administrative staff dismissed his claims as untimely.

amended response to the preliminary objections. *See* O.R. Item 69. By order entered June 30, 2017,[4] the trial court scheduled argument on the preliminary objections for August 29, 2017.

However, on July 21, 2017, Defendants filed with the trial court a praecipe for leave to withdraw their preliminary objections and file a proposed answer and new matter attached thereto. *See* O.R. Item 55. On July 31, 2017, the trial court granted Defendants leave and accepted Defendants' answer and new matter. *See* O.R. Item 53. In the answer and new matter, Defendants asserted that Defendants confiscated and destroyed Mayo's sneakers because they had been contaminated with CO Walters' blood. *See* O.R. Item 55, Defendants' New Matter ¶¶ 30-32. Defendants also pled that Mayo's commissary items arrived at SCI-Fayette on December 7, 2017, but were in storage pending Mayo's discussion with his Unit Management Team.[5] *See* O.R. Item 55, Defendants' New Matter ¶¶ 36-41. In addition, Defendants raised in their new matter the defenses of failure to exhaust administrative remedies, sovereign immunity and failure to state a mandamus claim, because money can satisfy Mayo's purported damages. *See* O.R. Item 55, Defendants' New Matter ¶¶ 42-44.

On July 31, 2017, Mayo filed a reply to Defendants' new matter. Mayo did not specifically deny by corresponding paragraph number Defendants' new matter allegation that his sneakers were destroyed because they were a biohazard, nor did Mayo specifically deny Defendants' new matter allegation that his commissary items were in storage pending his discussion with his Unit Management Team. Rather, Mayo generally denied that Defendants confiscated and destroyed his

---

[4] In the intervening time, the parties attempted to settle this matter.

[5] Defendants stated: "[Mayo] is currently being housed at the highest custody level (Level 5)." O.R. Item 55, Defendants' New Matter ¶ 39. "[Mayo] was advised that he needed to talk with his Unit Management Team and [it] would determine if he was permitted to have in his cell any or all of his commissary items at his custody level." *Id*. ¶ 40.

3

sneakers because they were bloodied in his attack on CO Walters, and that his commissary items were in storage at SCI-Fayette. *See* O.R. Items 52, 54.

On January 5, 2018, Mayo filed a motion titled "[Mayo's] Motion to Request [] the [Trial] Court's Ruling on the Outstanding Answer to [Defendants'] New Matter." O.R. Item 52. Therein, Mayo stated:[6]

> [Mayo] find[s] it essential to further assert that the cost of postage, copies and etc. . . . to adequately litigate this writ of mandamus action – is starting to create a financial burden on [Mayo] and can the reimbursement be stipulated to the [trial] court's mandamus order.
>
> Wherefore, [Mayo] respectfully request[s] if the [trial] court can issue a ruling on the outstanding answer to [Defendants'] new matter favorable to [Mayo] and a mandamus order can be entered.

O.R. Item 52 at 5.

By January 11, 2018 order, the trial court acknowledged Mayo's January 5, 2018 filing, but clarified that the matter was not ripe for decision, and deemed Mayo's filing a further reply to Defendants' new matter (Additional Reply). *See* O.R. Item 51. On January 29, 2018, Mayo asked the trial court to reconsider its January 11, 2018 ruling. *See* O.R. Item 50. On February 8, 2018, the trial court denied Mayo's reconsideration request. *See* O.R. Item 49.

By February 15, 2018 order, the trial court scheduled a status conference for March 6, 2018. *See* O.R. Item 48. On February 28, 2018, Defendants filed a request to continue the status conference because they intended to file the Motion. *See* O.R. Item 47. On March 1, 2018, the trial court granted the continuance. *See* O.R. Item 46. On March 9, 2018, Mayo filed an anticipatory motion to strike

---

[6] Later, in opposition to the Motion, Mayo represented that his January 5, 2018 filing was made pursuant to Pennsylvania Rule of Civil Procedure (Rule) No. 1034 (relating to motions for judgment on pleadings). *See* O.R. Item 31 at 4.

Defendants' proposed summary judgment motion, arguing that, without discovery, summary judgment was premature. *See* O.R. Items 44, 45. On March 23, 2018, Defendants responded to Mayo's motion to strike. *See* O.R. Item 43. By April 4, 2018 order, the trial court denied Mayo's motion to strike and set April 30, 2018 as the deadline for dispositive motions. *See* O.R. Item 42.

On April 16, 2018, Mayo filed a Motion for Discovery Request (Discovery Request) with the trial court, therein seeking a blank institutional confiscated items receipt (Form DC-154A), and asking the trial court to arrange for Defendant Gilmore to answer interrogatories attached thereto. *See* O.R. Item 41. Mayo's interrogatories requested:

> 2. The provision of the [Form DC-154A,] can you explain it to the best of your ability, particularly the substantive record that[']s established by its carbon copy[?]
>
> 3. Regarding grievance (#602910) and reflecting your February 3, 2016 response you asserted '. . . commissary records indicate[] that [Mayo's] 2 bags of commissary were sent out on 11/23/15 to SCI-Fayette.' *Id.*
>
> 4. Now in retrospect to the above-mentioned assertion[,] where [are] those two (2) commissary bags at now according to commissary records[?]
>
> 5. Commissary records and its provision can you explain to the best of your ability, particularly the substantive record that[']s established by the carbon copy receipt[?]

O.R. Item 41 at 4-5.

On April 25, 2018, Defendants filed the Motion and a brief in support thereof. *See* O.R. Item 38-40. Therein, Defendants claimed there was no genuine issue of material fact in dispute. Defendants submitted a compact disc (CD) showing

5

Mayo's attack on CO Walters[7] and the related Extraordinary Occurrence Report (EOR), which led to Defendants confiscating and destroying the sneakers as a biohazard. Defendants claimed that those items, together with Mayo's failure to deny new matter relating to the sneakers and commissary items, were sufficient for the trial court to grant summary judgment in their favor.

On April 26, 2018, the trial court denied Mayo's Discovery Request, stating that the trial court did not possess the Form DC-154A and the discovery rules do not contemplate the trial court answering discovery. *See* O.R. Item 36. The trial court also encouraged the parties to resolve discovery without the trial court's involvement.[8] *See id.*

Defendants responded to the interrogatories, but asserted various objections.[9] Defendants also filed an answer to the Discovery Request, objecting to

---

[7] Because Mayo was prohibited from having CDs, Defendants made the CD available at SCI-Smithfield for his review upon his filing of an inmate request to the Superintendent's assistant. *See* O.R. Item 34.

[8] Rule No. 4002.1 states: "Discovery material shall not be filed unless relevant to a motion or other pretrial proceeding, ordered by the court or required by statute." Pa.R.C.P. No. 4002.1.

[9] Because discovery is not filed with the trial court, Defendants' answers to Mayo's interrogatories are not included in the record submitted to this Court. However, attached to Mayo's affidavit in support of his opposition to the Motion, he quoted Defendants' answers as follows:

> 2. The provision of the [Form DC-154A,] can you explain it to the best of your ability, particularly the substantive record that[']s established by its carbon copy[?]
>
> **Defendants' Response: Objection. This inquiry is not clear, although it seems to ask for a legal analysis, rather than a factual answer and is objected to on this basis as well.**
>
> 3. Regarding grievance (#602910) and reflecting your February 3, 2016 response you asserted ' . . . commissary records indicate[] that [Mayo's] 2 bags of commissary were sent out on 11/23/15 to SCI-Fayette.' *Id.*
>
> **Defendants' Response: Objection. This does not ask a question.**
>
> 4. Now in retrospect to the above-mentioned assertion[,] where [are] those two (2) commissary bags at now according to commissary records[?]

Mayo's request for the blank Form DC-154A on the basis that Mayo could manipulate it to make it appear that Defendants confiscated items that they had not. *See* O.R. Item 33. On May 10, 2018, the trial court sustained Defendants' objection and denied Mayo's request for the blank Form DC-154A.[10] *See* O.R. Item 32.

On May 16, 2018, Mayo filed a motion in opposition to the Motion, *see* O.R. Item 31, a brief, *see* O.R. Item 28, an affidavit in support thereof, *see* O.R. Item 30, and a statement of disputed factual issues, *see* O.R. Item 29, wherein he argued, *inter alia*: Defendants used his altercation with CO Walters to deflect from their liability for Mayo's sneakers and commissary items; material facts remain in dispute; a summary judgment motion is not a proper response to a mandamus action; and Defendants' failure to answer his interrogatories placed him at a disadvantage in responding to the Motion. Mayo asserted: (1) summary judgment is not proper in a mandamus action; (2) discovery has not been completed because Defendants failed to respond to his Discovery Request; and (3) Defendants were required to complete a Form DC-154A (and give Mayo a carbon copy) for his confiscated property. *See* O.R. Item 29 at 1-3. On May 25, 2018, Mayo filed a supplemental affidavit further

---

> **Defendants' Response: Objection. On the basis of relevance. Further, since [Mayo's] commissary is no longer at SCI[-]Greene and ha[s] been transferred several times since, [Defendant Gilmore] has no information as to where [Mayo's] commissary items currently are.**

*See* O.R. Item 30, Ex. C at 4-7 (emphasis added); *see also See* O.R. Item 41 at 3-5. Mayo's document does not reflect that Defendants answered interrogatory no. 5.

In addition, Mayo contends in his brief to this Court that it was error under Rule No. 4006(a)(1) for Defendants' counsel to respond to his interrogatories. *See* Mayo Br. at 11-12. Rule No. 4006(a)(1) specifies, in relevant part, that "[a]nswers to interrogatories shall be in writing and verified." Pa.R.C.P. No. 4006(a)(1). Rule No. 4006(a)(2) clarifies that "[t]he answers shall be signed by the person making them, and the objections shall be signed by the attorney making them." Pa.R.C.P. No. 4006(a)(2).

[10] The fact that Mayo initiated discovery, Defendants responded and the trial court made a ruling thereon belies Mayo's claim that "no discovery ha[d] been established." *See* Mayo Br. at 3. Mayo did not serve amended interrogatories or seek to have the trial court compel Defendants to otherwise answer the interrogatories.

objecting, claiming that Defendants forged Defendant Shawley's signature on the application to withdraw the preliminary objections and substitute answer and new matter and the Motion. *See* O.R. Item 25. On May 25, 2018, the trial court acknowledged Mayo's filings, but did not alter its prior discovery ruling. *See* O.R. Item 24.

On July 6, 2018,[11] the trial court heard argument on the Motion and issued an order stating, in pertinent part:

> The attorney for the Defendant[s] [(Counsel)] has indicated that there are no genuine issues of material fact and [Counsel] asserts that the [trial c]ourt should consider the [EOR] and the CD, which [Defendants] indicate[] show that . . . th[e] stabbing led to the confiscation and destruction of [Mayo's] sneakers as a result of contamination by blood.
>
> [Counsel] indicates and concedes that a [Form 154A] was not issued.
>
> The [trial c]ourt will consider whether [it] should consider the CD and the [EOR] pursuant to the parameters of [*Borough of*] *Nanty-Glo* [*v. American Surety Co. of New York*, 163 A. 523 (Pa. 1932),[12]] and other precedent.
>
> . . . .
>
> [Counsel] indicates that [Mayo] was transferred from SCI[-]Greene directly from that facility the day after the assaultive behavior. [Counsel] asserts that [the] commissary [items] may not have been transferred nor was

---

[11] The trial court's July 6, 2018 order was docketed on July 10, 2018.

[12] The *Nanty-Glo* rule provides:

> 'However clear and indisputable may be the proof when it depends upon oral testimony, it is nevertheless the province of the jury to decide, under instructions from the court, as to the law applicable to the facts, and subject to the salutary power of the court to award a new trial if [it] should deem the verdict contrary to the weight of the evidence.'

*Borough of Nanty-Glo*, 163 A. at 238 (quoting *Reel v. Elder*, 62 Pa. 308 (1869)).

8

[Mayo] reimbursed. [Counsel] indicate[s] that it has no bearing on the issue of summary judgment as [Defendants] primarily assert[] that they are entitled to summary judgment based on the filing of the new matter and [Mayo's] response [thereto].

. . . .

However, [Counsel] is invited to communicate with [Defendants] to ascertain the circumstances of [the] commissary [items], although there is no obligation by [Defendants].

. . . .

The [trial c]ourt will not make a determination on the issue of summary judgment until sometime after 20 days from this date.

O.R. Item 22, Trial Ct. Order July 6, 2018 at 1-3. By July 25, 2018 letter, Counsel notified the trial court and Mayo about the status of Mayo's commissary items, but not the commissary items referenced in Mayo's Petition.[13] *See* O.R. Item 20. On August 2, 2018, the trial court granted the Motion in Defendants' favor. *See* O.R. Item 21. Mayo appealed to this Court.[14]

---

[13] In the letter, Counsel represented to the trial court that, when Mayo was transferred from SCI-Fayette to SCI-Smithfield on January 8, 2018, the commissary items matching those described in his Petition were transported with him. *See* O.R. Item 20. However, upon his arrival at SCI-Smithfield, certain of those commissary items were discarded at Mayo's request and Counsel could not state whether the remaining items had been consumed since their purchase in 2015. *See id.* On August 6, 2018, Mayo filed a motion to strike Defendants' July 25, 2018 letter, claiming that if the commissary items were transported with him to SCI-Smithfield, he would have signed for them and there would be a record. *See* O.R. Item 19. On August 16, 2018, the trial court denied Mayo's motion to strike because the trial court had directed Defendants to submit the July 25, 2018 letter, and it had already granted the Motion. *See* O.R. Item 18. This Court does not have the benefit of a transcript of what transpired at argument and, thus, cannot determine why the parties were disputing the status of Mayo's commissary items upon his 2018 transfer to SCI-Smithfield.

[14] On appeal from a trial court's order granting or denying summary judgment, an appellate court's standard of review is *de novo* and the scope of review is plenary. Summary judgment is properly entered only when, after examining the record in the light most favorable to the non-moving party, and resolving all doubts as to the existence of a

## Discussion

## 1. Trial Court's July 31, 2017 Order

Mayo first argues that the trial court erred and/or abused its discretion by not ruling on Defendants' preliminary objections but, rather, allowing Defendants to withdraw their preliminary objections and file an answer and new matter to the Petition.

Under Pennsylvania Rule of Civil Procedure (Rule) No. 1017(a), acceptable pleadings include: "(1) a complaint [(i.e., Petition)] and an answer thereto, . . . (2) a reply if the answer contains new matter, . . . [and] (4) a preliminary objection and a response thereto." Pa.R.C.P. No. 1017(a). Thus, Rule 1017(a) permitted Defendants to file either preliminary objections or an answer and new matter to the Petition.

Rule No. 1028(c)(1) authorizes a party to "file an amended pleading as of course within twenty days after service of a copy of the preliminary objections." Pa.R.C.P. No. 1028(c)(1). Rule No. 1033(a) also specifies that "[a] party, either by filed consent of the adverse party or by leave of court, may at any time . . . amend [a]

genuine issue of material fact against the moving party, the moving party is clearly entitled to judgment as a matter of law.

*Dobson Park Mgmt., LLC v. Prop. Mgmt., Inc.*, 203 A.3d 1134, 1139 n.11 (Pa. Cmwlth. 2019) (citation omitted).

In his Notice of Appeal, Mayo asserted that he is appealing from the trial court's August 2, 2018 order granting summary judgment. In his brief to this Court, Mayo states that he is appealing from the trial court's orders dated July 31, 2017 (granting Defendants' leave to withdraw the preliminary objections and file the answer and new matter), January 11, 2018 (clarifying that the matter was not ripe for decision based only on Mayo's reply to new matter), April 26, 2018 (directing the parties to undertake discovery without the trial court's involvement), and May 10, 2018 (denying Mayo's request for the blank Form DC-154A). The latter orders were interlocutory and not appealable since they did not dispose of all parties and all claims. *See* Pa.R.A.P. 341(a). However, once the trial court granted summary judgment, those orders were subject to review. *See Bird Hill Farms, Inc. v. U.S. Cargo & Courier Serv., Inc.*, 845 A.2d 900 (Pa. Super. 2004).

pleading." Pa.R.C.P. No. 1033(a). Therefore, "[e]xcept where an amendment is allowed as of course under [Rule] No. 1028, or granted as of right under other provisions of the [Rules], the allowance of an amendment under [Rule] No. 1033 is completely subject to the discretion of the trial court." *Koresko v. Farley*, 844 A.2d 607, 618 (Pa. Cmwlth. 2004). This Court has ruled that such amendments are to be liberally granted to allow parties to fully develop their theories and averments, in an effort to secure a determination of a case on its merits, unless there is prejudice or surprise to the opposing party. *See Dusman v. Bd. of Dirs. of Chambersburg Area Sch. Dist.*, 113 A.3d 362 (Pa. Cmwlth. 2015); *see also Koresko*.

By logical extension, if a trial court has the discretion to allow a party to *amend* a pleading when there is no prejudice or surprise to the opposing party, it has the discretion to permit a party to *withdraw* a pleading and file another one authorized by Rule No. 1017 when there is no prejudice or surprise to the opposing party. Thus, Pennsylvania trial and appellate courts have allowed defendants to withdraw their preliminary objections and file an answer and new matter. *See Peterson v. Phila. Suburban Transp. Co.*, 255 A.2d 577 (Pa. 1969); *see also Reid v. Dep't of Corr. for Pa.* (Pa. Cmwlth. No. 327 M.D. 2015, filed July 17, 2017);[15] *Tillman v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 575 M.D. 2011, filed December 2, 2014); *Iseley v. Beard*, 841 A.2d 168 (Pa. Cmwlth. 2004).

Mayo does not and cannot claim that he was prejudiced by the trial court's ruling, since Defendants' withdrawal of their preliminary objections without argument removed a procedural hurdle that allowed the parties to more quickly proceed to the merits of his case. Moreover, under circumstances in which Defendants could have filed an answer and new matter to the Petition in the first

---

[15] This Court acknowledges that its unreported memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). Accordingly, the unreported opinions cited herein are cited for their persuasive value.

place, Mayo cannot claim surprise. Accordingly, the trial court properly allowed Defendants to withdraw their preliminary objections and file their answer and new matter.

**2. Trial Court's January 11, 2018 Order**

Mayo next contends that the trial court erred and/or abused its discretion by not issuing judgment in his favor after he filed his reply to Defendants' new matter.

Mayo's reply to Defendants' new matter closed the pleading phase of his case and allowed discovery to commence. *See* Rule No. 1017(a); *see also* Rule No. 1030. If Mayo intended to dispense with discovery and have the trial court decide this matter based solely on the pleadings, he could have filed a motion for judgment on the pleadings. Although Mayo later identified that his January 5, 2018 motion for the trial court to "Rule on the Outstanding Answer to [Defendants'] New Matter," O.R. Item 52, was filed pursuant to Rule No. 1034 (regarding motions for judgment on the pleadings), *see* O.R. Items 28 at 4, 31 at 4, that was not clearly communicated in the document he filed in the trial court.

Notwithstanding, Rule No. 1034 provides:

(a) After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings.

*Note:* Only the pleadings between the parties to the motion for judgment on the pleadings must be closed prior to filing the motion.

. . . .

(b) The court shall enter such judgment or order as shall be proper on the pleadings.

Pa.R.C.P. No. 1034.

12

> When ruling on a motion for judgment on the pleadings . . . , [the court] may consider only the pleadings themselves and any documents properly attached thereto. [The court] may grant a motion for judgment on the pleadings only where there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law.

*Stodghill v. Pa. Bd. of Prob. & Parole*, 123 A.3d 798, 800 (Pa. Cmwlth. 2015) (citation omitted).

Here, only if Mayo specifically filed a motion for judgment on the pleadings could the trial court have ruled on the merits of the Petition after he filed his reply to new matter. Even if the trial court had treated Mayo's January 5, 2018 request as a motion for judgment on the pleadings, in light of Mayo's claim that there remained outstanding issues of material fact, as more fully discussed below, the trial court could not have ruled that either Mayo or Defendants were entitled to judgment in their favor as a matter of law. Accordingly, the trial court properly refused to decide the merits of this case after Mayo filed his responses to Defendants' new matter.

### 3. Trial Court's August 2, 2018 Order

In its August 2, 2018 order, the trial court granted the Motion in Defendants' favor, ruling as to Mayo's sneakers:

> [Defendants] admit that the sneakers were confiscated, intentionally, by [Defendants] after [Mayo] committed an assault on [CO] Walters. [Defendants] provided the videotape of the assault and the [EOR] relating to the assault. [Defendants] state that the sneakers were contaminated with CO Walters['] blood and therefore, placed into a biohazard bag and destroyed. [Defendants] admit that no confiscation slip was issued to [Mayo]. [Defendants] further aver that sovereign immunity applies as the sneakers were taken intentionally due to the assault.
>
> [Mayo] argued that the sneakers were not taken because of the 'staff altercation' but for retaliation, no blood was on his

sneakers, there were no criminal charges resulting from this incident, and that no confiscation slip was issued for the sneakers (as required per [Department of Corrections (Department)] policy).

The [trial c]ourt now GRANTS Summary Judgment as it relates to the sneakers, as the bloodied sneakers were destroyed due to [Mayo's] stabbing of a correctional officer. The destruction of the sneakers is also protected by sovereign immunity as all named [Defendants] were Commonwealth [of Pennsylvania] employees acting within the scope of their employment.

*See* O.R. Item 21, Trial Ct. Order August 2, 2018 at 4-5. Relative to Mayo's commissary items, the trial court held:

[Defendants] aver that [Mayo] was transferred on November 20, 2015 to SCI-Fayette due to the attack on [CO] Walters. [Defendants] maintain that the commissary items were shipped to him on November 23, 2015. Further, that two bags of commissary [items] later arrived at SCI-Fayette. [Mayo] avers that the commissary [items] do[] not exist, that SCI-Fayette stated that there was no record of his commissary [items], and there is no inventory of the commissary [items].

[Defendants] indicate that they are entitled to Summary Judgment based on [Mayo's] failure to deny the allegations within the 'New Matter'. Failure to deny is treated as an admission of the allegations made in the pleading. *See* Pa.R.C[].P. [No.] 1029(b). We agree[;] with that admission there are no genuine issues of material fact and Summary Judgment is GRANTED to [Defendants].

Trial Ct. Order August 2, 2018 at 5-6.

Mayo asserts that the trial court erred or abused its discretion by granting summary judgment in Defendants' favor. Specifically, he claims there remained genuine issues of material fact regarding Defendants' handling and processing of his sneakers and commissary items. Defendants respond that the trial court properly granted summary judgment in their favor because Mayo "d[id] not challenge the trial

14

court's ruling disposing of the sneakers claim on the basis of sovereign immunity and disposing of the commissary goods claim on the basis of deemed admissions."[16] Defendants' Br. at 12 n.4.

### a. Cause of Action

In the Petition, Mayo purports to assert a mandamus claim against Defendants.

> A writ of mandamus compels the performance of a ministerial and mandatory duty. To prevail in mandamus, the petitioner must demonstrate a clear legal right for performance of an act by the government, a corresponding duty in the government to perform the ministerial act and mandatory duty, and the absence of any other appropriate or adequate remedy.

*Sanders v. Wetzel*, 223 A.3d 735, 739 (Pa. Cmwlth. 2019) (citation omitted). However, rather than stating that Defendants failed to perform a ministerial act in which he had a clear legal right and he had no other adequate remedy, Mayo alleged in the Petition that Defendants intentionally deprived him of his sneakers and commissary items, and he sought return of that property or reimbursement therefor. *See* O.R. Item 84, Petition ¶¶ 6, 8, 18, 23, 26-27. Accordingly, in his Petition Mayo asserted an intentional tort, rather than a mandamus action, and this Court will examine the Petition accordingly.

Rule No. 1035.2 states, in pertinent part:

---

[16] Defendants argue that "those issues are waived. . . . Pa.R.A.P. 2116(a)." Defendants' Br. at 12 n.4. However, Pennsylvania Rule of Appellate Procedure (Appellate Rule) 2116(a) specifies: "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). Because Mayo's Statement of Questions Involved clearly included reference to summary judgment being granted without proper discovery (particularly relative to his Form DC-154A request and interrogatories), he did not waive those issues under Appellate Rule 2116(a).

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2) if, after the completion of discovery relevant to the motion, . . . an adverse party who [sic] will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.
>
>> *Note:* Rule 1035.2 sets forth the general principle that a motion for summary judgment is based on an evidentiary record which entitles the moving party to judgment as a matter of law.
>>
>> The evidentiary record may be one of two types. Under subdivision (1), the record shows that the material facts are undisputed and, therefore, there is no issue to be submitted to a jury.
>>
>> An example of a motion under subdivision (1) is a motion supported by a record containing an admission. By virtue of the admission, no issue of fact could be established by further discovery or expert report.

Pa.R.C.P. No. 1035.2. According to the 1996 Explanatory Comment to Rule No. 1035.2: "The purpose of the rule is to eliminate cases prior to trial where a party cannot make out a claim or a defense after relevant discovery has been completed[.]" Pa.R.C.P. No. 1035.2, Explanatory Comment--1996.

Mayo claimed that outstanding genuine issues of material fact regarding Defendants' handling of his sneakers and commissary items precluded the trial court from granting summary judgment. Defendants retort that there are no unresolved issues because Mayo admitted to the material facts by failing to specifically deny their new matter claims.

16

### b. Deemed Admissions

In their new matter, Defendants stated, in relevant part:

30. During the attack[,] [CO] Walters'[] blood poured onto [Mayo's] sneakers.

31. Because [Mayo's] sneakers were contaminated with [CO] Walters'[] blood, they were placed in a biohazard bag and destroyed.

. . . .

34. [Mayo] himself[] caused the contamination to his sneakers.

35. [Mayo] himself[] is responsible for the need to destroy his sneakers.

36. [Mayo] was transferred on November 20, 2015 to SCI-Fayette because of his attack on [CO] Walters at SCI-Greene.

37. [Mayo's] commissary items were shipped to him on November 23, 2015, three days after his transfer to SCI-Fayette.

38. [Mayo's] two bags of commissary, packed inside one box, arrived at SCI-Fayette on December 7, 2015.

. . . .

40. [Mayo] was advised that he needed to talk to his Unit Management Team and [it] would determine if he was permitted to have in his cell any or all of his commissary items at his custody level.

41. Those items remain in storage.[17]

O.R. Item 55, Defendants' New Matter at 7-8.

---

[17] Defendants also raised defenses of failure to exhaust administrative remedies, sovereign immunity, and failure to state a valid mandamus claim. *See* O.R. Item 55, Defendants' New Matter ¶¶ 42-44.

Rule No. 1029 specifies, in relevant part:

(a) A responsive pleading shall admit or deny each averment of fact in the preceding pleading or any part thereof to which it is responsive. . . . Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth.

(b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission.

. . . .

(e) In an action seeking monetary relief for . . . property damage, averments in a pleading to which a responsive pleading is required may be denied generally . . . . [18]

Pa.R.C.P. No. 1029. This Court has declared: "To determine if an answer is a general denial under Rule [No.] 1029(b), the court must examine the pleadings as a whole." *Commonwealth by Preate v. Rainbow Assocs., Inc.*, 587 A.2d 357, 360 (Pa. Cmwlth. 1991); *see also McDermott v. Dep't of Health*, 519 A.2d 1088 (Pa. Cmwlth. 1987); *Cercone v. Cercone*, 386 A.2d 1 (Pa. Super. 1978).[19]

---

[18] The Pennsylvania Superior Court has explained: "[T]hree exceptions to the 'general denial' principle set forth in Rule [No.] 1029(e) [are]: (a) averments of identity, agency, and ownership; (b) multiple causes of action; and (c) preliminary objections must be denied specifically." *Rohrer v. Pope*, 918 A.2d 122, 129 (Pa. Super. 2007). None of the exceptions to Rule No. 1029(e) apply here.

[19] In *Cercone*, the Pennsylvania Superior Court stated:

Admittedly, paragraph ten of the answer and the new matter do not refer specifically to paragraphs five through nine of the amended complaint as Rule [No.] 1029(a) ostensibly mandates. Nevertheless, to insist upon such technical adherence to the rules would violate the flexible spirit of Rule [No.] 126 [(relating to liberal rule construction and application),] which allows a court to disregard errors or procedural defects which do not substantially detract from the rights of an opposing party. Indeed, . . . we looked to the entire complaint,

In the instant matter, Mayo did not specifically deny by corresponding paragraph number Defendants' new matter allegation that his sneakers were destroyed because they were a biohazard. Rather, Mayo responded that Defendants had not previously acknowledged that his sneakers existed, and Defendants' acknowledgment in their new matter that they existed but were destroyed was an attempt to deflect liability and undermine his mandamus claim by asserting that he committed a crime. *See* O.R. Item 54, Mayo's Answer to Defendants' New Matter ¶¶ 1-5; *see also* O.R. Item 52, Additional Reply. Mayo also generally denied that Defendants confiscated and destroyed his sneakers because they were a biohazard, stating that was a "pretext," O.R. Item 52 ¶ 12, and those were "erroneous allegations." O.R. Item 52 ¶ 9. Further, in generally challenging Defendants' claims regarding his sneakers, Mayo incorporated by reference Defendants' new matter paragraphs 28 through 36. *See* O.R. Item 54 ¶ 4; *see also* O.R. Item 52 ¶ 11.

In addition, Mayo did not specifically deny by corresponding paragraph number Defendants' new matter allegations that his commissary items were in storage pending his discussion with his Unit Management Team. Instead, Mayo declared that was a "ploy[]," O.R. Item 52 ¶ 14, and Defendants' claims were "unconceivable." O.R. Item 54 ¶ 7. In addition, in generally denying Defendants' claims regarding his commissary items, Mayo incorporated by reference Defendants' new matter paragraphs 36 through 41. *See* O.R. Item 54 ¶ 6.

Examining Mayo's pleadings as a whole, this Court concludes that, although Mayo did not specifically deny by corresponding paragraph number Defendants' new matter, Mayo's responses were sufficient in this case to put Defendants and the trial court on notice of his position. Specifically, that Defendants

---

including paragraphs which did not specifically refer to paragraph nine of the original complaint.

*Id*. at 6 n.5.

confiscated his property in retaliation for his attack on CO Walters, not because his sneakers were a biohazard or his commissary items were held in storage pending his discussion with his Unit Management Team. Moreover, pursuant to Rule No. 1029(e), general denials are permitted in pleadings in property damage actions. Accordingly, Mayo did not admit to the material facts in Defendants' new matter under Rule No. 1029(b).

### c. Genuine Issues of Material Fact[20]

Although inartfully drafted, it is clear based upon his filings that Mayo claimed Defendants intentionally mishandled and withheld his New Balance sneakers and his commissary items. More specifically, he asserted that if the Defendants confiscated and destroyed his sneakers because they were contaminated with CO Walters' blood, Defendants were required to complete a Form DC-154A and issue a carbon copy to him, but they did not. Mayo also averred that, despite Defendants' assurances that his commissary items followed him to SCI-Fayette as procedure

---

[20] Mayo declared in the Summary of Argument portion of his brief to this Court:

> [Mayo] contends and a cursory review of the record – being liberally construed – should be sufficient proof that [Counsel] has adopted blatant retaliatory driving lie(s) . . . and further displayed evident antic(s) that the record corroborate and the trial court's ploy(s) to not acknowledge them, especially [Counsel] answering the interrogatories directed toward [Defendant] Gilmore[.]

Mayo Br. at 11-12. In the Argument section of his appellate brief, Mayo merely recited summary judgment law and declared: "The underlying theme of [Mayo's] contention is that the summary judgment entered pursuant to [Rule No.] 1035 [was] improper because there remained genuinely disputed issues of material fact in each of these instances." Mayo Br. at 12. Mayo's brief does not strictly comply with Appellate Rules 2118 (relating to contents of the Summary of Argument portion of an appellate brief) and 2119(d) (requiring a synopsis of applicable evidence in the Argument portion of an appellate brief). "This Court, however, has considered the merits of particular cases where defects in the brief did not preclude meaningful appellate review or result in waiver of issues. In the present case the Court can discern the argument raised by [Mayo], and it deems review to be possible." *Russell v. Unemployment Comp. Bd. of Review*, 812 A.2d 780, 784 n.3 (Pa. Cmwlth. 2002) (citation omitted).

required, he did not receive them, there are no records to prove he received them, and he was not reimbursed for them.

"The questions of whether there are material facts in issue and whether the moving party is entitled to summary judgment are matters of law." *Bailets v. Pa. Tpk. Comm'n*, 123 A.3d 300, 304 (Pa. 2015) (quoting *Alderwoods (Pa.), Inc. v. Duquesne Light Co.*, 106 A.3d 27, 34 n.5 (Pa. 2014) (citations omitted)). Because this Court's "scope of review of questions of law is *de novo*, [] we need not defer to the [trial] court's determinations." *Id.*

Discovery in this case consisted of Mayo's interrogatories, to which Defendants objected; the trial court's denial of Mayo's request for a blank Form DC-154A; a video of Mayo's attack on CO Walters; and the EOR. *See* O.R. Item 55. In the brief in support of their Motion,[21] Defendants argued to the trial court that the CD containing the video recording of Mayo's attack on CO Walters and the EOR are "evidence of the type permitted for summary judgment that the taking of [Mayo's sneakers] was intentional, not negligent." O.R. Item 39 (Defendants' Br. in Support of the Motion) at 4. Specifically, "the videotape establish[es] the brutal assault." Br. in Support of Motion at 4. In addition, "[the EOR] contains numerous color photographs depicting the blood all over [CO] Walters from his many wounds." Br. in Support of Motion at 6. However, neither the CD nor the EOR reflect that Mayo's sneakers were bloodied during the incident, and Defendants admit that they did not issue a Form DC-154A. Defendants also represented to the trial court that Mayo's commissary items "may not have been transferred [from SCI-Greene,] nor was [Mayo] reimbursed." O.R. Item 22, Trial Ct. Order July 6, 2018 at 2. Notably, Defendants changed their position *after* they had already pled in new matter that the

---

[21] Defendants' Motion contained only the following statement: "[P]ursuant to [Rule No. 1035.2,] [Defendants] file[] this [Motion] for the reasons set forth in the accompanying Brief." O.R. Item 40 at 1.

21

subject commissary items were delivered to SCI-Fayette and held in storage. Finally, Defendants' admissions alone are insufficient to establish the absence of a genuine issue of material fact. *Borough of Nanty-Glo*; Rule 1035.2.

Based on the pleadings and Mayo's limited discovery, and "resolving all doubts as to the existence of a genuine issue of material fact against [Defendants]" as we must, *Dobson Park Mgmt., LLC v. Prop. Mgmt., Inc.*, 203 A.3d 1134, 1139 n.11 (Pa. Cmwlth. 2019), there remained genuine issues of material fact.[22]

### d. Sovereign Immunity

Notwithstanding, Mayo declared in the Petition that Defendants intentionally deprived him of his sneakers and commissary items. *See* O.R. Item 84, Petition ¶¶ 6, 8, 18, 23, 26-27.

> Pursuant to Article [I], Section 11 of the Pennsylvania Constitution, the General Assembly declared that 'the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.' 1 Pa.C.S. § 2310. This Court has held that 'when an employee of a Commonwealth agency was acting within the scope of his or her duties, the Commonwealth employee is protected by sovereign immunity from the imposition of liability for intentional tort claims.' *La Frankie v. Miklich*, . . . 618 A.2d 1145, 1149 ([Pa. Cmwlth.] 1992).

*Minor v. Kraynak*, 155 A.3d 114, 121-22 (Pa. Cmwlth. 2017).

Here, because Mayo claims in his Petition that Defendants intentionally confiscated and destroyed his sneakers and withheld his commissary items while in

---

[22] "[T]his Court may affirm a trial court's order on other grounds where affirmance is required for different reasons than those on which [the trial court] based its decision." *Watkins v. Pa. Dep't of Corr.*, 196 A.3d 272, 274 n.3 (Pa. Cmwlth. 2018).

the scope of their duties, they are protected by sovereign immunity. Accordingly, the trial court properly granted summary judgment in Defendants' favor and against Mayo.

## Conclusion

For the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

23

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Mayo,                                    :
                    Appellant             :
                                                  :
              v.                               :
                                                  :
SCI Greene's Administered Staff,        :
Sergeant Grim, Property Sergeant,       :
Tracy Shawley, Grievance Coordinator, :   No. 1192 C.D. 2018
Robert Gilmore, Superintendent          :


O R D E R

AND NOW, this 13th day of May, 2020, the Greene County Common Pleas Court's August 2, 2018 order is affirmed.


_____
ANNE E. COVEY, Judge