# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Makasian Sheriff,                          :
                    Petitioner             :
                                           :      No. 179 C.D. 2024
          v.                               :
                                           :      Submitted: May 6, 2025
Unemployment Compensation                  :
Board of Review,                           :
                    Respondent             :


BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                      **FILED:  June 18, 2025**

Makasian Sheriff (Claimant), proceeding *pro se,* has petitioned this Court to review the adjudication of the Unemployment Compensation (UC) Board of Review (Board), which affirmed a Referee's decision that Claimant was ineligible for pandemic unemployment assistance (PUA) benefits.[1]  Upon review, we affirm.

## I. BACKGROUND[2]

In July 2020, Claimant applied for PUA benefits.  However, some months later, in December 2020, the UC Service Center determined that Claimant

---

[1] Pandemic unemployment assistance (PUA) benefits are provided under Section 2102 of the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act), 15 U.S.C. § 9021.

[2] Unless stated otherwise, we adopt this background from the Referee's decision, which was adopted by the Board, and which is supported by substantial evidence of record.  *See* Bd.'s Order, 12/21/23; Referee's Dec., 8/13/21.

was ineligible for PUA benefits because she remained eligible for regular UC benefits under the UC Law.[3] Claimant timely appealed.

In August 2021, a Referee held a telephonic hearing, but Claimant failed to appear.[4] Absent evidence to the contrary, the Referee affirmed the determination of the UC Service Center. Claimant timely appealed the Referee's decision, and the Board remanded for an additional hearing to ascertain the reason for Claimant's failure to appear, as well as for any new or additional evidence on the merits. The Board further cautioned, however, that it would not consider Claimant's substantive evidence if she could not establish proper cause for her nonappearance.

In March 2022, the Referee held a second telephonic hearing, during which Claimant testified that she had missed the initial hearing because she was sleeping.[5] Based on her testimony, the Board found that Claimant failed to establish good cause for her nonappearance. Accordingly, the Board did not consider any further testimony or evidence from Claimant on the merits, adopted the Referee's findings and conclusions, and affirmed the Referee's decision to deny PUA benefits. Claimant timely appealed to this Court.[6]

---

[3] *See* Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*.

[4] The Referee twice attempted to contact Claimant at her phone number of record, but Claimant did not answer. *See* Hr'g Tr., 8/5/21, at 1-3.

[5] Claimant explained as follows:

> My previous hearing, the reason why I did not appear [is] because I was sleeping. I was heavily pregnant, and I was having morning sickness. I woke up that morning and I got to bed, I was laying down waiting for my phone call and I slept off. That's what happened to me.

Hr'g Tr., 3/31/22, at 4.

[6] Claimant's initial brief did not comply with the Pennsylvania Rules of Appellate Procedure. *See* Cmwlth. Ct. Order, 10/11/24. We therefore directed Claimant to file an amended brief no later than November 11, 2024. *See id.* Claimant did not file an amended brief until November 15, 2024. *See* Am. Pet'r's Br., 11/15/24. Nonetheless, we will consider her appeal.

2

## II. ISSUE

On appeal, Claimant maintains that she is entitled to PUA benefits.[7] *See* Pet'r's Am. Br. at 6. According to Claimant, she had to "mandatorily stop working" during the COVID-19 pandemic in order to "confine" herself and "protect and provide care for [her] two minor children as schools and daycare or care facilities were closed for service." *Id.* Thus, Claimant asks this Court to reverse the Board.[8] *Id.* at 7.

## III. DISCUSSION[9]

"[T]he PUA program was created to provide temporary income assistance to individuals who are unemployed due to specified COVID-19

---

[7] We note Claimant's apparent misapprehension that she applied for regular UC benefits. *See, e.g.*, Pet'r's Am. Br. at 6 (generally asserting entitlement to "unemployment benefits"). In fact, she did not, and Claimant has previously acknowledged this. *See* N.T. Hr'g, 11/17/21, at 8 ("Oh, no. No, I did not [apply for regular UC benefits].").

[8] In response, the Board argues that Claimant has not addressed the reason that she was deemed ineligible for PUA benefits, and, therefore, any proper challenge to the Board's decision has been waived. *See* Resp't's Br. at 4-7. We decline to find waiver in this case. Although Claimant's arguments to this Court suffer from a lack of development, it is reasonably clear that Claimant asserts that (1) she was eligible for PUA benefits and (2) the Board erred in denying her those benefits. *See* Pet'r's Am. Br. at 6-7. *See, e.g.*, *Russell v. Unemployment Comp. Bd. of Rev.*, 812 A.2d 780, 783 n.3 (Pa. Cmwlth. 2002) (declining to find waiver where *pro se* litigant's arguments were "discernible").

Additionally, the Board suggests that Claimant has waived review of its conclusion that Claimant lacked good cause for her nonappearance at the first telephonic hearing. *See* Resp't's Br. at 4-7. We agree. "When a party appeals, but fails to address an issue in the brief, the issue is waived." *HPM Consulting v. Unemployment Comp. Bd. of Rev.*, 185 A.3d 1190, 1195 (Pa. Cmwlth. 2018). In this case, Claimant referenced the issue in her ancillary petition for review yet failed to address the issue in her brief. *See generally* Pet'r's Br. Thus, we find the issue waived. *See HPM Consulting*, 185 A.3d at 1195.

[9] This Court's review is limited to "determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Pierce-Boyce v. Unemployment Comp. Bd. of Rev.,* 289 A.3d 130, 135 n.4 (Pa. Cmwlth. 2022). The Board is the ultimate fact finder and is empowered to make credibility determinations. *See McCarthy v. Unemployment Comp. Bd. of Rev.*, 829 A.2d 1266, 1269-70 (Pa. Cmwlth. 2003). Properly supported by substantial evidence, the Board's findings of fact are conclusive on appeal. *Id.* at 1270.

3

pandemic-related reasons . . . ." *Kozicki v. Unemployment Comp. Bd. of Rev.*, 299 A.3d 1055, 1060 (Pa. Cmwlth. 2023). To qualify for PUA benefits under the CARES Act, a claimant must be a "covered individual." 15 U.S.C. § 9021(a)(3)(A). In relevant part, a covered individual "means an individual who . . . is *not* eligible for regular compensation . . . ." *Id.* § 9021(a)(3)(A)(i) (emphasis added).

Following an investigation, the UC Service Center determined that Claimant was eligible for regular UC benefits in Pennsylvania. *See* Determination, 12/20/20. Therefore, the UC Service Center denied Claimant PUA benefits. *Id.* Absent any substantive evidence to the contrary, the Board accepted this determination, adopted the findings and conclusions of the Referee, and affirmed the denial of benefits.[10] *See* Bd.'s Order, 12/21/23; Referee's Dec., 8/13/21.

We discern no error in the Board's adjudication. Claimant was eligible for regular UC benefits and, therefore, not eligible for PUA benefits. *See* 15 U.S.C. § 9021(a)(3)(A)(i). Accordingly, we affirm.

**LORI A. DUMAS, Judge**

---

[10] While the Board made no additional findings, we note that Claimant acknowledged working full time for Keystone Human Services from 2017 until April 2020, when she voluntarily left her employment because she was unable to secure childcare for her children. *See* N.T. Hr'g, 3/31/22, at 7-8.

4

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | |
|---|---|
| Makasian Sheriff, | : |
| Petitioner | : |
| | : No. 179 C.D. 2024 |
| v. | : |
| | : |
| Unemployment Compensation | : |
| Board of Review, | : |
| Respondent | : |

# **O R D E R**

AND NOW, this 18th day of June, 2025, the order issued by the Unemployment Compensation Board of Review on December 21, 2023, is AFFIRMED.

**LORI A. DUMAS, Judge**