**William G. MENALIS, Petitioner,**

v.

## UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 6, 1998.

Decided May 19, 1998.

Christopher T. Spadoni, Bethlehem, for petitioner.

James K. Bradley, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before DOYLE and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

FLAHERTY, Judge.

William G. Menalis (Claimant) petitions for review from an order of the Unemployment Compensation Board of Review (Board) which denied him unemployment compensation benefits pursuant to Section 401(b) of the Pennsylvania Unemployment Compensation Law (Law).[1] We affirm.

The undisputed facts as found by the Referee and adopted by the Board are as follows.[2] Claimant was last employed on March 29, 1996, and filed an application for benefits effective March 31, 1996. When Claimant filed his application for benefits he was informed by a Job Center representative

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(b). Section 401(b) provides in pertinent part:
 Compensation shall be payable to any employee who is or becomes unemployed; and who

has registered for work at, and thereafter continues to report to an employment office in accordance with such regulations as the secretary may prescribe....

2. Findings of fact not challenged by the Claimant are binding upon this Court upon review. *Salamak v. Unemployment Compensation Board of Review*, 91 Pa.Cmwlth. 493, 497 A.2d 951 (1985).

that he would be ineligible to receive benefits due to receipt of a pension. However, the Job Center representative also told Claimant that due to a pending appeal, that he should continue to file claims for benefits.

Claimant did file claims for benefits and received benefits for the weeks ending April 6, 1996 through July 27, 1996. At one point during this time period Claimant stopped receiving claim forms and benefits. He then contacted the Job Center and began receiving them again. Again, after the week ending July 27, 1996, Claimant stopped receiving claim forms and benefits, but he did not question a Job Center representative about the situation. After the week of July 27, 1996, Claimant assumed that he was not eligible for benefits because he had begun to receive his regular pension.

On June 9, 1997, almost one year later, Claimant reported to the Job Center and requested back credit to July 28, 1996, and claim credit for the weeks ending August 3, 1996 to October 5, 1996. In July 1997, a Referee reversed a Job Center determination concerning the deductibility of Claimant's pension under the provisions of Section 404(d)(2) of the Law and concluded that Claimant's pension was not deductible from his unemployment compensation benefits. The Job Center did backdate Claimant's claim to July 28, 1996, but denied claim credit for the weeks at issue from August 3rd to October 5th, 1996, because Claimant did not file a claim for any of these weeks until June 9, 1997.

The Claimant then appealed the Job Center's determination to a Referee and a hearing was held at which Claimant appeared and testified. The Referee affirmed the Job Center's determination concerning the 401(b) issue.[3] The Referee found that Claimant was not misinformed or misled by anyone at the Job Center regarding reporting requirements and that Claimant had read the Penn-

sylvania Unemployment Compensation Handbook. Claimant appealed to the Board which affirmed the Referee's decision. This appeal to us followed.

Claimant raises one issue for our review, whether the Board erred as a matter of law in concluding that the determination made by the Referee was proper under the unemployment compensation law.[4] After review of the record and the law, we must conclude that the Board did not err as a matter of law in finding Claimant ineligible for benefits.

Claimant argues, without any citations to the record or to supporting case law, that his failure to receive any advance notice that his benefits were being discontinued prejudiced him and denied him benefits to which he was otherwise entitled. The Board responds that Claimant failed to comply with the reasonable reporting requirements of Section 401(b) of the Law, that he was neither misled nor misinformed about the reporting requirements, and that he has not demonstrated circumstances which would allow or require backdating of his claim for benefits. We agree with the Board.

 It is well-settled that the general rule in cases involving late filing for unemployment compensation benefits is that a claimant who files late is ineligible, unless misled by unemployment compensation officials. *Snipas v. Unemployment Compensation Board of Review*, 43 Pa.Cmwlth. 129, 401 A.2d 888 (1979). The weekly reporting requirements are necessary so that contact between the claimant and the job center is constant and regular, whether it be by mail claims or physical reporting, so as to enable the unemployed to secure employment promptly if a satisfactory job becomes available. *See Stanek v. Unemployment Compensation Board of Review*, 6 Pa.Cmwlth. 351, 295 A.2d 198 (1972).

3. The Job Center had also denied Claimant benefits pursuant to Section 401(c) and 4(w)(1) of the Law. The Referee reversed the Job Center's determination under these two Sections of the Law and that ruling is not at issue before us now.

4. Our review in this matter is limited to determining whether there was a capricious disregard of competent evidence, whether errors of law were committed, or whether constitutional rights were violated, since Claimant who was the burdened party was the only party to present testimony. *Blackwell v. Unemployment Compensation Board of Review*, 124 Pa.Cmwlth. 9, 555 A.2d 279 (1989).

During the weeks at issue, weeks ending August 3, 1996 to October 5, 1996, Claimant did not file claims as required by Section 401(b) of the Law. Claimant informed the Job Center and later testified that he did not file claims for those weeks because his unemployment checks had stopped and he did not question this because at the time his pension checks had started and he assumed that was the reason the unemployment checks had stopped. The record also indicates that Claimant did not inquire at the Job Center about why his unemployment checks had stopped.

The provisions of 34 Pa.Code § 65.33 set forth specific reasons for which backdating will be permitted.[5] None of the exceptions enumerated in the regulation are present in the instant case. Claimant admits that he received and read the unemployment compensation handbook which sets forth the reporting requirements. In addition, Claimant admits that at one other time his benefits had stopped and he had contacted the Job Center to see why they had stopped. Based upon previous experience Claimant should have been aware of the reporting requirements because they are contained in the unemployment compensation handbook and because he had inquired about stopped benefits in the past.

The Pennsylvania Superior Court has addressed very similar circumstances in *Leonhard v. Unemployment Compensation Board of Review*, 202 Pa.Super. 326, 195 A.2d 918 (1963) and we find that case instructive here. In *Leonhard*, the claimant was involuntarily retired by his employer and collected unemployment compensation benefits. When he filed for a second year the bureau advised him that he was ineligible to receive additional benefits. The claimant filed an appeal and continued to file claims for a few weeks and then stopped filing claims for benefits. After his appeal was sustained he sought compensation for the weeks he did not make claims for benefits. The claimant attempted to excuse his failure to report by asserting that he was advised by an employee of the local office that he could report but it would not do any good. The Court concluded that his failure to report displayed a lack of appreciation for the primary purpose of the reporting requirement and it further found that the claimant had not shown that he was misled or prevented from reporting and filing claims by anyone at the local office.

Similarly, here Claimant has not shown that he was misled or prevented from reporting and filing claims by anyone at the local office. In fact Claimant's testimony indicates that a Job Center representative informed him to continue signing for benefits. In addition, the record indicates that Claimant assumed on his own that he was no longer eligible for benefits due to the receipt of a pension. There is no evidence or testimony that anyone connected with the Job Center prevented Claimant from filing claims. Moreover, his failure to report also displayed a lack of appreciation for the primary purpose of the reporting requirement which is to enable the unemployed to promptly secure satisfactory employment.

Based upon Claimant's admissions and the relevant case law, we must conclude that Claimant has failed to meet his burden of showing that he was misled or prevented from filing claims for the weeks at issue. Therefore, the Board did not err as a matter of law when it denied Claimant benefits pursuant to Section 401(b) of the Law. Accordingly, the Board's order is affirmed and benefits are denied.

### *ORDER*

AND NOW, this 19th day of May, 1998, the order of the Unemployment Compensation Board of Review at No. B–364904, dated October 10, 1997, is affirmed and benefits are

---

**5.** The relevant portion 34 Pa.Code § 65.33 provides in part that: "(a) A claim for a week of total, partial, or part-total unemployment may be deemed to be constructively filed as of the first day of a calendar week previous to the week which includes the day on which it is actually filed when, in the opinion of the Bureau, the claimant was prevented, *through no fault of his own*, from filing his claims...."(Emphasis added). The regulation also lists eight reasons or exceptions which would allow claims to be back dated.

denied for compensable weeks ending August 3, 1996 through October 5, 1996.