# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gary R. Krum,                              :
               Petitioner     :
                                   :
       v.                                 :     No. 863 C.D. 2015
                                   :     Submitted: October 9, 2015
Unemployment Compensation                  :
Board of Review,                           :
               Respondent     :

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
               HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**           **FILED: December 14, 2015**

      As background, this unusual case concerns how severance payments are handled in determining the amount of available unemployment compensation benefits. Gary R. Krum (Claimant), representing himself, believed that unemployment compensation benefits are not available at all for weeks during which an unemployed person receives severance pay. However, that belief was erroneous. While severance pay is deductible from a claimant's weekly benefit rate, under the rules for calculation, later severance payments may not completely negate a claimant's weekly benefit rate. See Killian-McCombie v. Unemployment Comp. Bd. of Review, 62 A.3d 498 (Pa. Cmwlth. 2013) (under 2012 amendment making severance payments deductible from weekly benefit rate, claimant's weekly benefit rate was $0 for early claim weeks and $150 for last claim week). Claimant's misunderstanding is at the heart of this appeal, as it caused him to delay

reopening his claim for benefits until after he stopped receiving severance payments.

In particular, Claimant petitions for review of an order of the Unemployment Compensation Board of Review (Board) that affirmed a referee's decision denying his request to backdate his reopened claim for unemployment compensation (UC) benefits for a six-week period beginning with the week ending October 18, 2014. The referee denied Claimant's six-week backdating request under Section 401(c) of the Unemployment Compensation Law (Law),[1] and Department of Labor and Industry (Department) regulation found at 34 Pa. Code §65.43a(e), which provides for only two weeks backdating in Claimant's circumstances. Claimant contends he delayed reopening his UC claim until his severance pay ceased based upon misleading information from the UC authorities. For the reasons that follow, we affirm.

**Procedural Background**

In June 2014, Claimant filed an initial application for UC benefits with an effective date of June 8, 2014. Claimant also advised the local UC service center that his employer was paying him severance pay. Shortly thereafter, Claimant received a notice of determination from the Department finding him ineligible for benefits because of a deduction of severance pay for the week ending June 14, 2014 through the week ending October 4, 2014. However, and of special significance here, the notice further advised Claimant that he would be eligible for

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §801(c). Section 401(c) requires that a claimant file a valid application for UC benefits.

2

$573 in weekly benefits beginning the week ending October 11, 2014. Claimant also reviewed information in the UC Handbook informing him that the Department would deduct severance pay from his UC benefits.

Claimant received his last severance pay on January 30, 2015. On February 2, 2015, Claimant contacted the UC Office, which informed him he could have reopened his claim for benefits as of the week of October 5, 2014.

Claimant eventually learned he remained eligible for all 26 weeks of UC benefits allowance even though the Department deducted his severance pay. Consequently, Claimant requested backdating for the weeks ending October 18, 2014 through December 20, 2014, because his benefit year ended June 6, 2015. Otherwise, Claimant would lose six weeks when his benefit year ended.

However, the Department denied Claimant's request for a six-week backdate under Section 401(c) of the Law and 34 Pa. Code §65.43a. In particular, the Department noted 34 Pa. Code §65.43a(e) sets forth the conditions upon which a claim for a week of UC benefits can be backdated. This regulation provides in pertinent part (with emphasis added):

> (c) The Department will deem an application for benefits to be filed prior to the week in which it actually is filed if the claimant did not file the application earlier for a reason listed in subsection (e). The Department will deem the application to be filed during the week that precedes the week of actual filing by the number of weeks indicated in subsection (e).

* * * *

3

(e.) For purposes of subsections (c) and (d) the number of weeks is determined as follows:

| *Reason* | *Number of weeks* |
|---|---|
| The Department suspends accepting filings, or is unable to handle all filings …. | 6 |
| * * * * | |
| <u>A UC Office fails to accept a filing as a result of error or mistake by the Department</u>. | 52 |
| * * * * | |
| Sickness or death of a member of the claimant's immediate family or an act of God. | 2 |
| <u>Other, if the claimant makes all reasonable and good faith efforts to file timely but is unable to do so through no fault of the claimant</u>. | 2 |

34 Pa. Code §§65.43a(c), (e). Here, the Department determined Claimant's reason for backdating did not meet the requirements in 34 Pa. Code §65.43a(e) for six weeks of backdating.

Claimant appealed, and the Board scheduled a hearing before a referee. The referee noted Claimant's claim record reflected that a June 2014 notice of determination advised Claimant that a severance amount of $37,774 would reduce Claimant's benefit rate to zero for the week ending June 14, 2014 through the week ending October 4, 2014. Referee's Hr'g, Notes of Testimony (N.T.), 3/6/15, at 3. Thereafter, Claimant would be eligible for $573 in weekly benefits beginning the week of October 5-11, 2014. <u>Id.</u>

4

When asked by the referee if he called the UC Office in October 2014, Claimant testified:

> Well, yeah, I did make a call. And let's see, October. I have some notes made here. I did call at that point. Yeah, I was told, Evan, I have a note. <u>On September the 2nd I called to reopen the claim and I was told to call back the week of October the 5th to the 11th to reopen the claim. Then I did call back in and at that point, according to the Notice of Determination, the most recent one, they said the UC representative told me to reopen the claim on October the 5th</u> and I'm sorry ….
>
> [w]hat happened was and this is not known in any of the information provided. I from reading repeatedly the information given to me from [UC] handbook and from the second Determination I received that was in reference to my severance agreement, I read those details repeatedly and thought I understood the policy. I didn't find out until I called back in and spoke to a Timothy on February the 2nd that I in fact did not understand the policy of how Pennsylvania was going to handle the deduction of my severance agreement. The reason that I waited so long to actually call in and reopen the claim on February the 2nd was because on January the 30th I received my last paycheck from the company for the severance agreement.

Id. (emphasis added).

Essentially, Claimant testified the language of the UC Handbook and the Department's notice of determination misled him into believing he could wait until he stopped receiving the severance payments to reopen his claim for UC benefits because he only had nine-and-a- half weeks of eligibility left.

Claimant also added that his former employer would not oppose his request to backdate his benefits in order to receive the six weeks of UC benefits he would not otherwise receive. See N.T. at 6-7. The referee explained, however, that an employer's lack of opposition to a claim does not, by itself, render that claim legally valid. N.T. at 7.

Following the hearing, the referee issued a decision and order denying Claimant's request to backdate his UC claim for the weeks ending October 18, 2014 through January 3, 2015. However, the referee did permit Claimant to backdate his claim for two weeks under 34 Pa. Code §§65.43a(e) because he made a reasonable and good faith effort to file timely, but could not do so through no fault of his own.

On appeal, the Board affirmed. In so doing, the Board adopted the referee's findings and conclusions. Claimant petitions for review.[2]

**Discussion**

Claimant contends the Board erred in not permitting him to backdate his reopened claim for six weeks where his good faith reliance on written information in the UC Handbook and the Department's notice of determination stated that his severance pay would be deducted from his UC benefits.

---

[2] Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Wise v. Unemployment Comp. Bd. of Review, 111 A.3d 1256 (Pa. Cmwlth. 2015).

6

While it is unclear how he arrived at the following conclusions, or to what extent they are relevant, Claimant determined the deductible amount of his claim equaled about 16.5 weeks. Therefore, Claimant believed he would receive only 9.5 weeks of the 26 total weeks of UC benefits. Consequently, Claimant waited until after his severance pay ended on January 30, 2015. However, by the time Claimant learned of his mistake in February 2015, he did not have enough time to collect all 26 weeks of UC benefits before his benefit year ended on June 6, 2015. Thus, Claimant sought to backdate his claim based upon the misleading and inaccurate information the UC authorities provided him.

In sum, Claimant asserts the Department's June 2014 notice of determination indicated his maximum benefit entitlement as $14,898 plus a dependent's allowance of $130 for a total of $15,028. Pet'r's Br. at 10. However, Claimant received only $10,697. If not for the misleading information provided to him in the UC Handbook and notice of determination, Claimant would have known he was entitled to 26 weeks of benefits and reopened his claim on an earlier date to receive his maximum benefit. Therefore, Claimant asks this Court to direct the UC authorities to pay the $4331 in benefits that he did not receive. See 34 Pa. Code §65.43a(e) (where a late filing is the result of an error or mistake by the Department, a claim may be backdated up to 52 weeks).

In response, the Board asserts it properly denied Claimant's request to backdate his claim for six weeks because the Department did not mislead him regarding the requirement that he file his claims in a timely manner. A claimant bears the burden of establishing his eligibility for UC benefits. Paglei v.

7

Unemployment Comp. Bd. of Review, 37 A.3d 24 (Pa. Cmwlth. 2012). Pursuant to Section 401(c) of the Law, a claimant must make "a valid application for benefits with respect to the benefit year for which compensation is claimed" and his claim must be made in the "proper manner." 43 P.S. §801(c). Further, a claimant must file bi-weekly claims for UC benefits. 34 Pa. Code §65.43.

Generally, in cases involving a late filing for UC benefits, a claimant who files late is ineligible unless misled by UC officials. Menalis v. Unemployment Comp. Bd. of Review, 712 A.2d 804 (Pa. Cmwlth. 1998) (citing Snipas v. Unemployment Comp. Bd. of Review, 401 A.2d 888 (Pa. Cmwlth. 1979)).

Here, the Board argued that the language in the UC Handbook and the June 13, 2014 notice of determination, which informed Claimant that his severance pay was deductible from his UC benefits, was neither inaccurate nor misleading. Section 404(d)(1)(iii) of the Law requires that the amount of severance pay attributed to a week of UC benefits be deducted. 43 P.S. §804(d)(1)(iii); see also Killian-McCombie.

Although Claimant asserts language in the Handbook and notice confused him, he does not identify the allegedly misleading language. Indeed, Claimant did not submit into evidence either the UC Handbook or the June 13,

8

2014 notice of determination.[3] More importantly, Claimant admitted that he called the UC office in September 2014 and that a UC representative specifically told him to call the week of October 5, 2014 to reopen his claim. N.T. at 3. Consequently, Claimant did not prove language in the UC Handbook and notice constituted an "error or mistake by the Department" allowing Claimant to backdate his claim up to 52 weeks under 34 Pa. Code §65.43a(e).

Clearly, both the Department's notice and a UC representative apprised Claimant that he would be eligible for UC benefits beginning the week ending October 11, 2014. Therefore, Claimant's decision not to reopen his claim until he received his last severance payment cannot be attributed to an error or mistake by the Department. Menalis; Snipas.

Consequently, we discern no error in the Board's decision denying Claimant's request to backdate his claim six weeks under 34 Pa. Code §65.43a(e). In short, Claimant's subjective confusion, based on his interpretation of the Handbook and notice of determination, does not equate to an error or mistake by the Department. Rather, as the Board determined, Claimant's circumstances, based on his own interpretation of the Law's severance deduction, after having been specifically advised by the UC authorities to reopen his claim the week of October 5-11, 2014, warrant, at best, a two-week backdate under the "reasonable and good faith efforts" ground for extended filing in 34 Pa. Code §65.43a(e).

---

[3] Nonetheless, the referee noted the claim record indicated the Department's notice informed Claimant that he would be eligible for UC benefits in the amount of $573 the week ending October 11, 2014. N.T. at 3.

9

For these reasons, we affirm the Board's order.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gary R. Krum, :
                Petitioner :
                 :
        v. : No. 863 C.D. 2015
                 :
Unemployment Compensation :
Board of Review, :
              Respondent :

## **O R D E R**

**AND NOW**, this 14th day of December, 2015, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

 

 

_____
ROBERT SIMPSON, Judge