Anthony Dimassimo, Jr.,          :
             Petitioner     :
                    :   No.  1320 C.D. 2019
          v.        :
                    :   Submitted:  April 17, 2020
Unemployment Compensation   :
Board of Review,           :
             Respondent   :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE J. ANDREW CROMPTON, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                   FILED:  June 25, 2020

Anthony Dimassimo, Jr. (Claimant) petitions for review, *pro se*, from the July 25, 2019 order of the Unemployment Compensation Board of Review (Board), which denied Claimant's request to backdate his claim for unemployment compensation (UC) benefits for the weeks ending December 1, 2018, through January 2, 2019.  Upon review, we affirm.

On September 23, 2018, Claimant initiated a claim for UC benefits. Claimant filed claims for UC benefits up until the week ending November 3, 2018, but did not file any additional claims after that date.  On October 24, 2018, a local service center issued a determination denying benefits to Claimant pursuant to section 402(e)

of the Unemployment Compensation Law (Law).[1] (Certified Record (C.R.) at Item No. 9.) The determination instructed Claimant on how to appeal and also informed him that he needed to "continue to file [his] bi-weekly claims for benefits" while an appeal was pending, and that if an appeal was "decided in [his] favor, only benefits for the weeks [he] claimed [would] be released for payment." *Id.* Claimant appealed the local service center's determination, and on December 6, 2018, a referee issued a decision affirming the denial of benefits under section 402(e) of the Law. *Id.* Claimant appealed the referee's decision to the Board and, on March 1, 2019, the Board issued a decision reversing the referee's decision and finding Claimant not ineligible for benefits. *Id.* Based on the Board's decision, Claimant received UC benefits for the weeks ending September 29, 2018, though November 3, 2018. (C.R. at Item No. 1.)

Subsequently, Claimant filed a request to backdate his claim for UC benefits for the weeks ending November 10, 2018, through January 2, 2019. (C.R. at Item No. 2.) On April 23, 2019, a local service center issued a determination denying Claimant's request to backdate his claim. (C.R. at Item No. 3.) Claimant appealed and a referee conducted a hearing on June 11, 2019, at which Claimant testified.

Following the hearing, the referee made the following, relevant, findings of fact:

1. On September 23, 2018, [Claimant] initiated a claim for [UC] benefits.

---

[1] Section 402(e) of the Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). Section 402(e) provides that "an employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is 'employment' as defined in this act."

2. [Claimant] filed bi-weekly claims for the weeks ending October 6, 2018, through November 3, 2018.

3. For the week ending November 10, 2018, [Claimant] attempted to file a bi-weekly claim but received a message that his account was locked and he was not able to complete the filing process.

4. [Claimant] did not attempt to file a bi-weekly claim after November 10, 2018.

5. [Claimant] did not file bi-weekly claims for the weeks ending November 10, 2018 through January 2, 2019.

. . . .

9. [Claimant] requested that he receive credit for the weeks that he did not file claims.

(Referee's Finding of Fact (F.F.) Nos. 1-5, 9.) The referee recognized that the Department of Labor and Industry's (Department) regulations permit a claimant to backdate claims in certain instances, including when a claimant attempts to file by telephone, internet or fax transmission and the method used is unavailable or malfunctions. (Referee's decision at 3.) The referee then concluded as follows:

> [Claimant] testified that he attempted to file his bi-weekly claim for the week ending November 10, 2018 and the computer system did not allow him to finish filing his claim. Under the Department's regulations, a claimant who attempts to file a bi-weekly claim and is prevented by a malfunction in the method the claimant used, is eligible to backdate his claim for a maximum of two weeks. Thus, [Claimant's] request to backdate his claim for the weeks ending November 10, 2018 and November 17, 2018 must be granted. Because [Claimant] admitted that he stopped attempting to file his bi-weekly claims for the remaining weeks at issue, [Claimant] is not eligible to back[]date his claim for those weeks.

3

*Id.* Accordingly, the referee granted Claimant's request to backdate his claim for the weeks ending November 10, 2018, and November 17, 2018, but denied Claimant's request to backdate his claim for the remaining weeks.

Claimant appealed to the Board. On July 25, 2019, the Board issued an order concluding that the referee's decision was proper and adopting and incorporating the referee's findings and conclusions. (Board order at 1.) The Board determined that Claimant "did not attempt to file claims for benefits or contact the Department to discuss why he was locked out of his claim after November 18, 2018, as he thought he had to wait until the appeal process ran its course." *Id.* However, the Board explained that claimants "are reminded in the appeal instructions to continue filing for benefits even while their appeal[s] [are] pending." *Id.* Hence, the Board affirmed the decision of the referee. *Id.*

On appeal,[2] Claimant argues that his failure to file claims for UC benefits for the weeks in question was not his fault and, therefore, should not bar him from receiving UC benefits. Claimant maintains that he was unable to file claims because the Department's computer system blocked him from doing so. He contends that he twice contacted a UC representative in late October or early November to complain that he was blocked from filing biweekly claims and that from that point going forward he was unable to file the required biweekly information.

Conversely, the Board argues that Claimant was blocked at one point from filing for benefits and, thus, was permitted to backdate his claim for two weeks.

---

[2] Our review of the Board's order "is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014). "Substantial evidence is defined as 'such relevant evidence which a reasonable mind would accept as adequate to support a conclusion.'" *Western & Southern Life Insurance Co. v. Unemployment Compensation Board of Review*, 913 A.2d 331, 335 (Pa. Cmwlth. 2006) (quoting *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999)).

Nonetheless, the Board maintains that Claimant is not entitled to unlimited backdating and that, although Claimant blames the Department's computer system for his inability to file claims for benefits, Claimant never informed the Department of the problem. The Board observes that claimants must file proper and timely biweekly claims for UC benefits. The Board contends that even though Claimant was initially found ineligible for benefits and filed an appeal, he was still required to file biweekly claims while his appeal was pending.

The Board argues that after Claimant attempted to file for UC benefits on November 10, 2018, he made no further attempts to file for benefits and never contacted the Department to advise it of his inability to do so. The Board maintains that if Claimant had contacted the Department about his inability to file, then his account would have been reset. In fact, the Board contends that Claimant admitted during the referee hearing that he did not contact the Department regarding his inability to file, and that the claim record shows that Claimant never contacted the Department after he made his last attempt to file. Accordingly, the Board alleges that Claimant did not prove that he made all reasonable and good faith efforts to timely file his biweekly claims and that we should affirm the Board's order.

In order to be eligible for UC benefits, a claimant must make "a valid application for benefits with respect to the benefit year for which compensation is claimed" and make a "claim for compensation in the proper manner and on the form prescribed by the [D]epartment." Section 401(c) of the Law, 43 P.S. §801(c). A claimant has the "burden of proof to establish that his application satisfies the requirement for backdating a claim for benefits." *Egreczky v. Unemployment Compensation Board of Review*, 183 A.3d 1102, 1106 (Pa. Cmwlth. 2017). Generally, in cases involving a late filing for UC benefits "a claimant who files late is ineligible, unless misled by UC officials." *Id.*; *Menalis v. Unemployment Compensation Board of Review*, 712 A.2d 804, 805 (Pa. Cmwlth. 1998).

5

The Department's regulations govern the procedures for applying for UC benefits and establish the circumstances where backdating of an application is allowed. Under section 65.43 of the Department's regulations, a claimant must file biweekly claims in accordance with a schedule established by the Department. 34 Pa. Code §65.43. The biweekly claim must be filed "no later than the last day of the week immediately following the [two]-week period." *Id.* The biweekly reporting requirements are "necessary so that contact between the claimant and the [UC] job center is constant and regular . . . so as to enable the unemployed to secure employment promptly if a satisfactory job becomes available." *Menalis*, 712 A.2d at 805.

With respect to backdating claims for benefits, section 65.43a(c)-(d) of the Department's regulations provides as follows:

> (c) The Department will deem an application for benefits to be filed prior to the week in which it actually is filed if the claimant did not file the application earlier for a reason listed in subsection (e). The Department will deem the application to be filed during the week that precedes the week of actual filing by the number of weeks indicated in subsection (e).
>
> (d) If a claimant fails to file a claim for compensation within the time allowed in subsection (a) or (b) or §65.43 (relating to claims for compensation--when to file), for a reason listed in subsection (e), the time for filing the claim is extended for the number of weeks indicated in subsection (e).

34 Pa. Code §65.43a(c)-(d). Section 65.43a(e) of the Department's regulations enumerates a number of reasons why a claimant may be entitled to backdate a claim for UC benefits, as well as the number of weeks a claimant is permitted to backdate a claim. 34 Pa. Code §65.43a(e). While Claimant does not argue that any of the reasons set forth in section 65.43a(e) apply, the only reasons that could bear any resemblance to Claimant's particular circumstances are where (1) "[t]he claimant attempts to file by telephone, Internet or fax transmission in accordance with [section] 65.41 [of the

6

Department's regulations], the method used to file is unavailable or malfunctions, and the attempt to file occurs on the last day that the claimant could timely file by the method used" or (2) "the claimant makes all reasonable and good faith efforts to file timely but is unable to do so through no fault of the claimant." *Id.*[3] In either of these two situations, a claimant may extend the time for filing his claim by two weeks. *Id.*

Here, although the local service center initially made a determination finding Claimant ineligible for benefits, and Claimant appealed, he was still required to file biweekly claims during the pendency of his appeal. *See Humes v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1929 C.D. 2017, filed July 24, 2018), slip op. at 8[4] (explaining that claimants are required to file biweekly claims when an appeal is pending); *Cerciello v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 587 C.D. 2016, filed October 12, 2016), slip op. at 2-6 (same); *VanCott v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 2285 C.D. 2010, filed May 3, 2011), slip op. at 5-6 (same). Indeed, the notice of determination that denied Claimant benefits specifically instructed him to "continue to file [his] bi-weekly claims for benefits" in the event he appealed. (C.R. at Item No. 9.)

As found by the referee and Board, Claimant successfully filed biweekly claims up through the week ending November 3, 2018.[5] (F.F. No 2.) The referee and Board also found that when Claimant attempted to file his biweekly claim for the week ending November 10, 2018, he was locked out of his account and unable to complete

---

[3] As indicated above, we have only listed the reasons a claimant is permitted to backdate a claim that are relevant to the instant appeal and have not attempted to provide an exhaustive list of every reason why a claimant might be permitted to backdate a claim.

[4] Pursuant to this Court's Internal Operating Procedures, an unreported opinion of the Court filed after January 15, 2008, may be cited for its persuasive value. 210 Pa. Code §69.414(a).

[5] This time period coincided with when the local service center initially denied Claimant's claim and Claimant appealed that determination. (F.F. Nos. 2, 6-7; C.R. at Item No. 9.)

the filing process and, thereafter, he did not file or attempt to file any other biweekly claims. (F.F. Nos. 3-5.) Additionally, the Board determined that Claimant did not attempt to contact the Department after he was locked out of his account. (Board order at 1.) Claimant argues that he continued to remain locked out of his account even though he twice contacted the Department by telephone to inform it of the problem. However, this assertion is not borne out by the record.

At the hearing, Claimant testified that he attempted to file his biweekly claim on November 10, 2018, for the week ending on that date, but that he was locked out of the Department's computer system. (C.R. at Item No. 7, Notes of Testimony (N.T.) at 3.) He stated that he tried to file his biweekly claim several more times on November 10, but his account remained locked. (N.T. at 3, 6.) Claimant testified that he attempted to access his account one additional time the next day, but was still denied access. (N.T. at 7.) Claimant stated that after he was unable to file a biweekly claim for the week ending November 10, 2018, he never filed or attempted to file another biweekly claim. (N.T. at 7.)

Claimant testified that he did not contact the Department to unlock his account or fix the problem. (N.T. at 4.) In particular, when the referee asked Claimant if he contacted the Department regarding his inability to access his account, he replied "no," and "[n]ot when the computer system locked me out, okay." *Id.* When asked by the referee why he did not contact the Department to have the problem fixed, Claimant stated that he believed he could not fix the problem while his appeal from the original denial of benefits was still pending. (N.T. at 11.) Claimant's claim record also shows that he had no contact with the Department for nearly four months after first encountering problems with his account. (C.R. at Item No. 1.)

Claimant's testimony, as well as the claim record, provides substantial evidence to support the Board's findings that Claimant did not attempt to file any subsequent biweekly claims after he was unable to file his claim for the week ending

8

November 10, 2018, and that Claimant never contacted the Department to inform it of the problem. *See Western & Southern Life Insurance Co.*, 913 A.2d at 335 (defining substantial evidence as such evidence which a reasonable mind would accept as adequate to support a conclusion). As such, the findings are binding on appeal. *Id.*

Because the Department's computer system locked Claimant out of his account when he attempted to file his biweekly claim for the week ending November 10, 2018, the Board backdated Claimant's claim for two weeks, *i.e.*, for the weeks ending November 10, 2018, and November 17, 2018. (Referee decision at 3; Board order at 1.) We are unable to conclude that the Board erred in not otherwise granting Claimant's request to backdate his claim through the week ending January 2, 2019.

While a claimant is entitled to backdate a claim if he is misled by the Department, *see Menalis*, 712 A.2d at 805, a claimant's own negligence will not excuse late filing. *See Humes*, slip op. at 8; *Ciccolini v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1796 C.D. 2016, filed August 3, 2017), slip op. at 12. In *Valle v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 701 C.D. 2012, filed December 20, 2012), we held that the claimant's confusion over whether she needed to continue filing biweekly claims did not excuse her failure to timely file claims or communicate with the Department for five months. *Id.*, slip op. at 3. Similarly, in *Caruso v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1917 C.D. 2015, filed May 23, 2016), we held that the Claimant's difficulty navigating the Department's phone system on approximately two occasions did not excuse her failure to file biweekly claims for three months. *Id.*, slip op. at 2, 6; *see also Menalis*, 712 A.2d at 806 (holding that the claimant's confusion regarding his UC payments did not excuse his failure to continue filing biweekly claims).

Here, after Claimant was locked out of his account and unable to file his biweekly claim for the week ending November 10, 2018, Claimant never contacted the Department regarding the problem nor attempted to file biweekly claims for the weeks

9

at issue in this appeal. Under section 65.43a(e) of the Department's regulations, a claimant is entitled to backdate a claim by two weeks where he "makes *all reasonable and good faith efforts* to file timely, but is unable to do so through no fault" of his own. 34 Pa. Code §65.43a(e) (emphasis added). However, because Claimant did not notify the Department regarding his account issues or attempt to file biweekly claims in subsequent weeks, we conclude that Claimant does not qualify for this exception. *See e.g.*, *Caruso*, slip op. at 6; *Valle*, slip op. at 3.

However, section 65.43a(e) of the Department's regulations also allows a claimant to backdate a claim by two weeks where he attempts to file by internet and "the method used to file is unavailable or malfunctions." 34 Pa. Code §65.43a(e). Pursuant to this regulation, the Board concluded that Claimant's difficulties with the Department's computer system entitled him to backdate his claim for the two weeks ending November 10, 2018, and November 17, 2018. As the Board correctly determined, Claimant's circumstances warranted, at most, a two-week backdate. Although we are not unsympathetic to the difficulties some claimants face when navigating the Department's website, Claimant bore the responsibility of communicating with the Department to notify it of his inability to file his biweekly claim via the internet. Because Claimant did not do so he is not permitted to backdate his claim beyond the two-week period already granted by the Board.

Accordingly, because the Board did not err in denying Claimant's request to backdate his claim for the weeks ending December 1, 2018, through January 2, 2019, we affirm.[6]

                                                        _____

PATRICIA A. McCULLOUGH, Judge

---

[6] While the Board granted Claimant's request to backdate his claim for the weeks ending November 10, 2018, and November 17, 2018, and denied his request for the weeks ending December 1, 2018, through January 2, 2019, it does not appear to have addressed Claimant's request to backdate his claim for the week ending November 24, 2018. However, Claimant does not raise this "missing" week in his appeal and, to the extent that the Board denied Claimant's request to backdate his claim for this week, we are unable to discern any error based on the same reasoning employed throughout this opinion.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Dimassimo, Jr.,                     :
                    Petitioner        :
                                      :   No.  1320 C.D. 2019
        v.                                  :
                                      :
Unemployment Compensation         :
Board of Review,                              :
                   Respondent       :

# ***ORDER***

AND NOW, this 25th day of June, 2020, the July 25, 2019 order of the Unemployment Compensation Board of Review is affirmed.

 

_____

PATRICIA A. McCULLOUGH, Judge