IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Arielle Cohen,                          :
                  Petitioner            :
                                        :
          v.                            :
                                        :
Unemployment Compensation               :
Board of Review,                        :   No.  716 C.D. 2023
                  Respondent            :   Submitted: July 5, 2024


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED:  August 29, 2024


          Arielle Cohen (Claimant) petitions this Court, pro se, for review of the
Unemployment Compensation (UC) Board of Review's (UCBR) June 16, 2023
order affirming the Referee's decision that denied Claimant UC benefits under
Section 401(c) of the UC Law (Law)[1] and Sections 65.41, 65.42, 65.43 and 65.43a
of the Department of Labor and Industry's (Department) UC Regulations.[2]  The sole
issue before this Court is whether the UCBR erred by affirming the Referee's
decision finding Claimant ineligible for benefits under Section 401(c) of the Law
and Sections 65.41, 65.42, 65.43 and 65.43a of the UC Regulations.  After review,
this Court affirms.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
801(c) (relating to UC claim application requirements).
[2] 34 Pa. Code § 65.41 (relating to filing methods), 34 Pa. Code § 65.42 (effective date of
benefits application), 34 Pa. Code § 65.43 (relating to when to file claims), and 34 Pa. Code §
65.43a (relating to extended filing).

On September 12, 2021, Claimant filed an initial claim for UC benefits. However, Claimant did not continue to file weekly claims for UC benefits thereafter. Claimant spoke to a UC Service Center representative on June 9, 2022, and thereafter submitted backdated UC benefit claims for the weeks ending September 18, 2021 through March 19, 2022. On August 8, 2022, the UC Service Center denied Claimant's backdated claims pursuant to Section 401(c) of the Law and Sections 65.41, 65.42, 65.43, and 65.43a of the UC Regulations. Claimant appealed, and a Referee held a hearing on September 29, 2022. On October 5, 2022, the Referee affirmed the UC Service Center's determination. Claimant appealed to the UCBR, which affirmed the Referee's decision on June 16, 2023. Claimant appealed to this Court.[3]

Claimant argues that she did not continue to file weekly UC benefit claims after her initial application because she had multiple questions regarding the filing process and, despite telephoning on multiple occasions, she could not reach a UC Service Center representative until June 9, 2022. Claimant contends that she falls within Section 65.43a(e) of the UC Regulations because the Department was unable to handle all filings, due to an excessive volume of telephone calls or other reasons.

The UCBR rejoins that Claimant admitted that she received the UC Handbook when she completed her initial application. The UCBR maintains that the UC Handbook explains the filing process and directs that potential claimants must continue to file claims while awaiting a determination of their eligibility. The UCBR further retorts that Claimant was outside of the United States between March

---

[3] This Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether the agency's practices or procedures were violated, or whether the findings of fact were supported by substantial evidence. *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

29, 2022 and April 25, 2022, and did not attempt to contact a UC Service Center representative during that time.

Initially, Section 401 of the Law provides, in relevant part:

Compensation shall be payable to any employe who is or becomes unemployed, and who --

. . . .

(c) Has made a valid application for [UC] benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation in the proper manner and on the form prescribed by the [D]epartment.

43 P.S. § 801.

Pursuant to Section 65.41(a) of the UC Regulations, an application for UC benefits shall be filed by one of the following methods:

(1) Telephoning a UC Office and providing the information required by the Department representative.

(2) Completing the Department's [i]nternet application and electronically transmitting it to the Department.

(3) Completing the Department's application form and sending the form to a UC Office by United States Mail or transmitting the form to a UC Office by facsimile machine.

34 Pa. Code § 65.41(a). Further, Section 65.41(b) of the UC Regulations specifies that a claim for compensation shall be filed by one of the following methods:

(1) Telephoning a UC Office and providing the information required by the Department representative.

(2) Telephoning the Department's telephone claim system and providing all information required by the system.

(3) Completing the Department's [i]nternet claim and electronically transmitting it to the Department.

3

34 Pa. Code § 65.41(b).

> Additionally, according to Section 65.42 of the UC Regulations,

> [a]n application for [UC] benefits is effective on the first day of the calendar week in which the application is filed or deemed filed in accordance with [Section] 65.43a [of the UC Regulations] (relating to extended filing), whichever is earlier.

34 Pa. Code § 65.42. Section 65.43a(a) of the UC Regulations provides:

> For a week in which a claimant was employed less than his full-time work, the claimant shall file a claim for compensation not later than the last day of the second week after the employer paid wages for that week. If the earliest week for which a claim for compensation is filed in accordance with this subsection precedes the week in which the claimant's application for benefits is filed or deemed filed, as determined without regard to this subsection, the Department will deem the application to be filed during the earliest week for which a claim is filed.

34 Pa. Code § 65.43a(a).

"[The c]laimant has the burden of proof to establish that [her] application satisfies the requirements for backdating a claim for benefits." *Egraczky v. Unemployment Comp. Bd. of Rev.*, 183 A.3d 1102, 1106 (Pa. Cmwlth. 2017). Section 65.43a(e) of the UC Regulations provides a list of circumstances in which the UC claim filing deadline may be extended.

> For purposes of subsections (c) and (d)[,] the number of weeks is determined as follows:

> [1.] **The Department suspends accepting filings or is unable to handle all filings**, due to an excessive volume of telephone calls or other reasons [(No. of weeks that can be backdated: 6 weeks);[4]]

---

[4] This Court notes that there was no record evidence that the Department had suspended filings or was unable to handle all filings during the time Claimant attempted to contact the UC

[2.] The claimant attempts to file by telephone, [i]nternet[,] or fax transmission in accordance with [Section] 65.41 [of the UC Regulations] (relating to filing methods), the method used to attempt to file is unavailable or malfunctions, and the attempt to file occurs on the last day that the claimant could timely file by the method used [(2 weeks);]

[3.] A UC Office fails to accept a filing as a result of error or mistake by the Department [(52 weeks);]

[4.] Sickness or death of a member of the claimant's immediate family or an act of God [(2 weeks);]

[5.] [] [**I**]**f the claimant makes all reasonable and good faith efforts to file timely but is unable to do so through no fault of the claimant** [(2 weeks);]

[6.] During the period following the issuance of the March 6, 2020 Proclamation of Emergency Disaster, issued under [Section 7301 of the Emergency Management Services Code,] 35 Pa.C.S. § 7301 (relating to general authority of Governor) due to the novel coronavirus (COVID-19) global pandemic, until the end of the current "high unemployment" period . . . .

34 Pa. Code § 65.43a(e) (emphasis added).

Historically, Pennsylvania courts have very strictly applied the permitted exceptions under Section 65.43a(e) of the UC Regulations. Generally, the courts have found that a "[c]laimant's ignorance of the UC claim process and/or negligence is not a basis upon which this Court may reverse the UCBR's decision." *Naborn v. Unemployment Comp. Bd. of Rev.*, 246 A.3d 373, 380 (Pa. Cmwlth. 2021). Further, "[i]t is well[ ]settled that the general rule in cases involving late filing for [UC] benefits is that a claimant who files late is ineligible[.]" *Menalis v. Unemployment Comp. Bd. of Rev.*, 712 A.2d 804, 805 (Pa. Cmwlth. 1998).

---

Service Center. Rather, Claimant asserts that she could not reach a UC Service Center representative to ask questions, not to file a claim.

In *Menalis*, this Court held that a claimant could not backdate his UC application despite that a UC Service Center representative told him that he **may** be ineligible because of his pension. The *Menalis* Court found that the claimant was negligent in applying late because he assumed on his own that he was not eligible, instead of applying and awaiting an eligibility determination. Similarly, in *Beck v. Unemployment Compensation Board of Review* (Pa. Cmwlth. No. 459 C.D. 2013, filed September 11, 2013),[5] this Court held that the claimant could not backdate her claims, despite her argument that she was not familiar with the UC legal system and did not have counsel. Significantly, in *Caruso v. Unemployment Compensation Board of Review* (Pa. Cmwlth. No. 1917 C.D. 2015, filed May 23, 2016), this Court held that the claimant's inability to get through to the UC Service Center over the telephone did not warrant backdating claims.

Here, Claimant testified:

R[eferee:] Okay. All right. What would you like to say here in regards [sic] to your backdating appeal, ma'am?

C[laimant:] Sure. So I had initially applied for unemployment in September of 2021[,] and I didn't hear anything until January of 2022[,] when I got called by a woman named Tasha, and she explained to me a bit more about the process[,] and she had a couple of questions for me before officially giving me an approval. And then I did get an approval on February 22nd of 2022, and **back in January when I spoke to Tasha**, **she told me then that what I hadn't realized initially that I actually should be filing weekly claims even though I was not yet approved for unemployment because I was under the impression that I was supposed to be filing only once I was approved**. So immediately after that phone call back in January of 2022, I right away opened up to

---

[5] This Court may cite to its unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent. *See* Section 414(a) of the Internal Operating Procedures of the Commonwealth Court of Pennsylvania, 210 Pa. Code § 69.414(a).

start to file a weekly claim and **I got stuck with certain questions that I wasn't sure how to honestly answer and I felt more comfortable kind of holding off and trying to reach somebody on the phone so that I could** -- and I did try to call Tasha back at the number she provided, but she hadn't provided an extension, so I kind of tried a bunch of different types of extensions and then I tried the Pennsylvania –

Certified Record (C.R.) at 75 (emphasis added).

Claimant further related:

C[laimant:] . . . . And I consistently tried to call unemployment, and then **for the month of March of 2022**, **I was out of the country**[,] so I didn't make any phone calls during that time and -- [**M**]**arch and April**, excuse me. And then when **I got back in May**, I started calling again, and finally, I connected with somebody in June, on June 8th to be specific[,] of 2022. And we reconnected on June 9th to go through all of my dates and times for all of those six months that I was eligible, as you mentioned earlier in the call, September 18th, 2021 through March 19th of 2022. . . .

C.R. at 76 (emphasis added).

Claimant described:

R[eferee:] Okay. . . . [B]ack in September 2021[,] when you filed your initial unemployment claim, do you recall, did you do that by phone or online?

C[laimant:] I did that online.

R[eferee:] Okay. Do you recall at that time, the [UC] office should have made available a UC [H]andbook which explains the program? Do you recall if you received an opportunity to look that over?

C[laimant:] Yes, I did receive that.

C.R. at 77.

The UC Handbook expressly provides:

**When to File Your Weekly Claim**

**Filing weekly claims is time sensitive**. If you are already approved for [UC] benefits, are not yet sure if you will be approved, or you have been denied but you appealed the denial, **you must continue filing a weekly claim for each week you are unemployed and seeking payment**. If you are eligible for [UC] benefits, you will ultimately receive payments only for weekly claims you filed.

Your weekly claim must be filed during the week (Sunday through Saturday) immediately following the week you were unemployed. Weekly claims must be completed by 11:59 P[.]M[.] on Saturday of each week you are claiming [UC] benefits. If you remain totally or partially unemployed, you will continue to file weekly claims every week until you exhaust your [UC] benefits.

UCBR Br. at App. 2 at 9 (text emphasis added).[6]

The UCBR concluded:

The [UCBR] notes that the UC Handbook clearly explains that claimants must file weekly, even when eligibility is under review, and [] [C]laimant admitted to receiving the [UC H]andbook. Thus, while the [UCBR] sympathizes with [] [C]laimant's difficulties in reaching a [UC] Service [Center] representative, [] [C]laimant knew, or should have known, that she should be filing weekly while awaiting a determination on eligibility. Moreover, even if she was unable to reach a [UC Service Center] representative in January of 2022, her absence from the

---

[6] The UC Handbook was not admitted into evidence at the hearing. Rather, the UCBR attached a copy of the UC Handbook to its brief to this Court as Appendix 2. Notwithstanding, this Court has taken judicial notice of the UC Handbook. *See Hollingsworth v. Unemployment Comp. Bd. of Rev.*, 189 A.3d 1109 (Pa. Cmwlth. 2018); *see also Ciccolini v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth. No. 1796 C.D. 2016, filed Aug[.] 3, 2017).

*Naborn*, 246 A.3d at 376 n.7.

country in March and April of 2022—a period of eight weeks—where she did not attempt to contact the Department would show she is not eligible for backdating, as there were at least eight weeks where she did not attempt to file weekly claims or obtain information about backdating. As a result, [] [C]laimant has not met her burden to show that she should be entitled to backdating.

C.R. at 102.

This Court discerns no error in the UCBR's reasoning. Because Claimant does not fall within any of the exceptions set forth in Section 65.43a(e) of the UC Regulations, she is not entitled to backdate her UC claims. Accordingly, the UCBR properly upheld the Referee's decision finding Claimant ineligible for benefits under Section 401(c) of the Law and Sections 65.41, 65.42, 65.43 and 65.43a of the UC Regulations.

For all the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Arielle Cohen,                          :
            Petitioner                  :
                                        :
      v.                                :
                                        :
Unemployment Compensation               :
Board of Review,                        :     No.  716 C.D. 2023
            Respondent                  :

# O R D E R

AND NOW, this 29th day of August, 2024, the Unemployment Compensation Board of Review's June 16, 2023 order is affirmed.


_____
ANNE E.  COVEY, Judge