IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher T. Gamble,     :
     Petitioner    :
          :
  v.        :  No. 847 C.D. 2024
          :
Unemployment Compensation  :  Submitted: May 6, 2025
Board of Review,     :
     Respondent  :


BEFORE:  HONORABLE RENÉE COHN JUBELIRER, President Judge
     HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE ANNE E. COVEY, Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH       FILED: June 11, 2025

     Christopher T. Gamble (Claimant), proceeding *pro se*, petitions for review of the May 9, 2024 decision and order of the Unemployment Compensation (UC) Board of Review (Board), which affirmed the UC Referee's (Referee) decision denying his request to backdate his July 30, 2023 application for UC benefits for more than two weeks under Section 401(c) of the Unemployment Compensation Law[1] and Section 65.43a of the Department of Labor and Industry's (Department's) Regulations.[2] After review, we affirm the Board's decision.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(c) (relating to a valid application for benefits).

[2] 34 Pa. Code § 65.43(a) (relating to extended filing).

# I. BACKGROUND AND PROCEDURAL HISTORY

Claimant was employed as a bus driver for the Southeastern Pennsylvania Transportation Authority (SEPTA or Employer). (Certified Record (C.R.) at Item 8; Notes of Testimony (N.T.) at 2.) In February of 2023, Claimant took a medical leave of absence due to an injury, but was cleared by his doctor to return to light-duty work as of May 23, 2023. *Id.* at 3-4. On approximately June 1, 2023, Employer informed Claimant that it did not have a light-duty position available for him. *Id.* In mid-July of 2023, Claimant's union informed him that he was eligible for UC benefits. *Id.* at 4. He applied for benefits approximately one week later. *Id.* at 6. In his benefits application he requested to have his UC claim backdated to May 28, 2023, and to receive back credit for the weeks ending June 3, 2023, through July 29, 2023.[3]

On July 30, 2023, Claimant applied for UC benefits after his separation from employment with Employer. (C.R. at Item 1.) On October 11, 2023, the Department of Labor and Industry's (Department's) UC Service Center determined that Claimant did not file his claim for benefits in a timely manner. (C.R. at Item 3.) It also denied his request to backdate his UC claim to May 28, 2023, and denied his request for back credit for the weeks ending June 3, 2023, through July 29, 2023. *Id.* The notice of determination stated that Claimant did not meet the requirements of Section 401(c) and Sections 65.41, 65.42, 65.43, and 65.43a of the Department's regulations and that Claimant's disqualification is effective May 28, 2023, to July 29, 2023. *Id.*

On October 18, 2023, Claimant timely appealed the UC Service Center's determination to the Referee. (C.R. at Item 4.) The Referee held a hearing

---

[3] In the Backdating Questionnaire Claimant filed with the UC Service Center, Claimant explained his request for backdating stating: "The week was not on my dashboard on my start date. I wanted my claims to begin June 1st; but the dashboard stated August." (C.R. at Item 2.)

on November 27, 2023, at which Claimant testified. (C.R. at Item 7.) The Referee issued his Decision on November 29, 2023, and made the following findings of fact:

> 1. [Claimant] worked for [SEPTA] as a bus driver until he sustained an injury requiring him to stop driving a bus.
>
> 2. [Claimant] expected that he would be assigned a light duty, non-driving position due to his medical limitations, and he indeed was scheduled to start a position in July 2023 that would not involve driving.
>
> 3. [Claimant] was ultimately not offered a position as a non-driving SEPTA worker and applied for [UC benefits] effective July 30, 2023.
>
> 4. As of the time [Claimant] applied for UC benefits, he had already been out of work for over two months and requested to backdate his claim to May 28, 2023[,] and backdate weekly certifications for claim weeks ending July 3, 2023[,] through July 29, 2023.
>
> 5. The UC service center denied [Claimant's] request prompting [Claimant] to appeal.

(Referee Finding of Fact (F.F.) Nos. 1-5; CR at Item 9.) The Referee recognized that the Department's regulations permit a claimant to backdate claims in certain instances, including situations in which the claimant makes all reasonable and good faith efforts to file timely but is unable to do so through no fault of the claimant. (C.R. at Item 9.) The Referee then concluded as follows:

> During the [R]eferee's hearing, it became clear that [Claimant] had not attempted to apply for UC benefits until late July 2023 or early August 2023. Because [Claimant] had not made efforts to apply for UC benefits prior to his claim effective date, the [R]eferee is reluctant

3

to allow back dating. However, one of the enumerated reasons for backdating arguably applies to [Claimant] in that he had expected to be returning to work in a light duty position after he sustained a back injury. Because [Claimant] reasonably expected to be returning to work, the [R]eferee believes that [Claimant] may backdate two weeks based on the belie[f] that he had work available from SEPTA and was apparently scheduled to start light duty work in July 2023. The [R]eferee grants [Claimant]'s request to backdate his claim effective date and his weekly certifications but only to the extent of two weeks. [Claimant] claimant's modified claim effective date shall be July 16, 2023, and [Claimant] may backdate weekly certifications for claim weeks ending July 22, 2023[,] and July 29, 2023. The remainder of [Claimant]'s request to backdate is denied.

*Id.* Accordingly, the Referee granted Claimant's request to backdate his claim for the weeks ending July 22, 2023, and July 29, 2023, but denied Claimant's request to backdate his claims for the weeks ending June 3, 2023 through July 15, 2023. *Id.*

Claimant appealed the Referee's decision to the Board. (C.R. at Item 10.) On May 9, 2024, the Board issued an order concluding that the Referee's decision was proper and adopting and incorporating the Referee's findings and conclusions. (C.R. at Item 12.) The Board determined that "[b]ased on the evidence and testimony provided, there is no evidence in the record that supports backdating for more than the two weeks that were granted by the Referee." *Id.* Thus, the Board affirmed the decision of the Referee. *Id.*

Claimant now petitions for review in this Court.

4

## II. **DISCUSSION**[4]

On appeal, Claimant argues that he should be allowed to backdate his claim applications for additional weeks beyond the two weeks granted by the Board because he was unaware that he was eligible for UC benefits. (Appellant's Br. at 2.) The Board asserts that it is well-established that a Claimant's lack of knowledge about eligibility for benefits does not excuse a failure to timely file a UC Application. The Board granted two weeks of backdating because Claimant reasonably assumed that he would be recalled to work. However, after Claimant was informed that no position was available for him, he failed to file for benefits for nearly two months. Therefore, under the statute there is no basis to permit backdating beyond the two weeks already granted by the Board. (Employer's Br. at 5, 7.)

In order to be eligible for UC benefits, a claimant must make "a valid application for benefits with respect to the benefit year for which compensation is claimed" and make a "claim for compensation in the proper manner and on the form prescribed by the [D]epartment." Section 401(c) of the Law, 43 P.S. § 801(c). A claimant has "the burden of proof to establish that his application satisfies the requirements for backdating a claim for benefits." *Egreczky v. Unemployment Board of Review*, 183 A.3d 1102, 1106 (Pa. Cmwlth. 2017). In general "a claimant who files late is ineligible, unless misled by unemployment compensation officials."

---

[4] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Devine v. Unemployment Compensation Board of Review*, 101 A.3d 1235, 1237 n.2 (Pa. Cmwlth. 2014). The Board is the ultimate factfinder and is, therefore, entitled to make its own determinations as to witness credibility and evidentiary weight. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1386 (Pa. 1985). We review the evidence in the light most favorable to the prevailing party before the Board, and give it the benefit of all reasonable inferences to be drawn from the evidence. *Johnson v. Unemployment Compensation Board of Review*, 502 A.2d 738, 740 (Pa. 1986).

*Menalis v. Unemployment Compensation Board of Review*, 712 A.2d 804, 805 (Pa. Cmwlth. 1998).

The Department's regulations govern the procedures for applying for UC benefits and establish the circumstances under which backdating of an application is allowed. Under Section 65.43 of the Department's regulations, a claimant must file biweekly claims in accordance with a schedule established by the Department. 34 Pa. Code § 65.43. The biweekly claim must be filed "no later than the last day of the second week after the end of the week claimed." *Id.* The biweekly reporting requirements are "necessary so that contact between the claimant and the [UC] job center is constant and regular . . . so as to enable the unemployed to secure employment promptly if a satisfactory job becomes available." *Menalis*, 712 A.2d at 805.

With respect to backdating claims for benefits, Section 65.43a(c)-(d) of the Department's regulations provides as follows:

> (c) The Department will deem an application for benefits to be filed prior to the week in which it actually is filed if the claimant did not file the application earlier for a reason listed in subsection (e). The Department will deem the application to be filed during the week that precedes the week of actual filing by the number of weeks indicated in subsection (e).

> (d) If a claimant fails to file a claim for compensation within the time allowed in subsection (a) or (b) or § 65.43 (relating to claims for compensation—when to file), for a reason listed in subjection (e), the time for filing the claim is extended for the number of weeks indicated in subsection (e).

34 Pa. Code § 65.43a(c)-(d). Section 65.43a(e) of the Department's regulations enumerates a number of reasons why a claimant may be entitled to backdate a claim

6

for UC benefits, as well as the number of weeks a claimant is permitted to backdate a claim for each reason. 34 Pa. Code § 65.43a(e). While Claimant does not argue that any of the reasons set forth in Section 65.43a(e) apply, the only reason that could apply to Claimant's particular circumstances is the last reason listed which provides for backdating when "the claimant makes all reasonable and good faith efforts to file timely but is unable to do so through no fault of the claimant." *Id.* In this situation, a claimant may extend the time for filing his claim by two weeks. 34 Pa. Code § 65.43a(e).

As noted above, Claimant argues that his claim should be backdated for additional weeks, in addition to the two weeks of backdating he was granted by the Board, because he was not aware that he was eligible for benefits until he was informed by his union representative in July of 2023 (Appellant's Br. at 5.) Claimant's argument for being allowed additional backdating, that he was unaware of his eligibility, is not a reason listed in the Department's regulations and therefore is not a sufficient reason to grant Claimant additional weeks of backdating. It is well-settled that "Claimant's ignorance of the UC claim process and/or negligence is not a basis upon which this Court may reverse the [Board]'s decision [denying backdating]." *Naborn v. Unemployment Compensation Board of Review*, 246 A.3d 373, 380 (Pa. Cmwlth. 2021); *see also Humes v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1929 C.D. 2017, filed June 24, 2018), slip op. at 8;[5] *Ciccolini v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1796 C.D. 2016, filed August 3, 2017), slip op. at 12. In *Valle v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 701 C.D. 2012, filed December 20, 2012), we held that the claimant's confusion over whether she needed to continue

---

[5] Unreported decisions of this Court issued after January 15, 2008, may be cited for their persuasive value. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures (IOP), 210 Pa. Code § 69.414(a).

7

filing biweekly claims did not excuse her failure to timely file claims or communicate with the Department for five months. *Id.*, slip op. at 3. Similarly, in *Caruso v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1917 C.D. 2015, filed May 23, 2016), we held that a claimant's difficulty navigating the Department's phone system on approximately two occasions did not excuse her failure to file biweekly claims for three months. *Id.*, slip op. at 2.

### III. CONCLUSION

Because we discern no error in the Board's determination, which is supported by substantial evidence in the record, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher T. Gamble, : 
             Petitioner : 
              : 
        v. :   No. 847 C.D. 2024
              : 
Unemployment Compensation : 
Board of Review, : 
             Respondent : 

## ***ORDER***

AND NOW, this 11th day of June, 2025, the May 9, 2024 order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge